**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KRANTHI GORLAMARI, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>VERRICA PHARMACEUTICALS, INC., TED WHITE, and P. TERENCE KOHLER JR.,<br><br>    Defendants. | Case No. 2:22-cv-02226-MSG |

**MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S**
**MOTION TO STRIKE EXTRANEOUS MATERIALS SUBMITTED IN**
**SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## TABLE OF CONTENTS

I.      INTRODUCTION .................................................................................................. 1

II.     LEGAL STANDARD.............................................................................................. 2

III.    THE AFFIDAVITS ARE EXTRANEOUS DOCUMENTS THAT MAY NOT BE
        CONSIDERED WHEN ADJUDICATING A MOTION TO DISMISS............................. 2

IV.     THE AFFIDAVITS ARE OFFERED TO RAISE FACTUAL DISPUTES THAT
        CANNOT BE RESOLVED AT THE MOTION TO DISMISS....................................... 3

V.      CONCLUSION..................................................................................................... 4

# TABLE OF AUTHORITIES

CASES

*Davis v. Wells Fargo*,
824 F.3d 333 (3d Cir. 2016).......................................................................................... 2

*Halford v. AtriCure, Inc.*,
2010 WL 8973625 (S.D. Ohio Mar. 29, 2010) ........................................................ 3

*Hartig Drug Co. Inc. v. Senju Pharm. Co. Ltd.*,
836 F.3d 261 (3d Cir. 2016).......................................................................................... 2

*In re Applied Micro Cirs. Corp. Sec. Litig.*,
2002 WL 34716875 (S.D. Cal. Oct. 4, 2002) ........................................................... 3

*In re BankAtlantic Bancorp, Inc. Sec. Litig.*,
851 F. Supp. 2d 1299 (S.D. Fla. 2011) ..................................................................... 4

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997)................................................................................... 2, 3

*In re Cognizant Tech. Sols. Corp. Sec. Litig.*,
2018 WL 3772675 (D.N.J. Aug. 8, 2018) ................................................................. 2

*In re Innocoll Holdings Pub. Ltd. Co. Sec. Litig.*,
2018 WL 4252537 (E.D. Pa. Sept. 5, 2018) ............................................................. 3

*In re Par Pharm. Sec. Litig.*,
2009 WL 3234273 (D.N.J. Sept. 30, 2009) .............................................................. 3

*Mayer v. Belichick*,
605 F.3d 223 (3d Cir. 2010).......................................................................................... 2

*Nakkhumpun v. Taylor*,
782 F.3d 1142 (10th Cir. 2015) ................................................................................... 4

*Robinson v. Philip Morris USA, Inc.*,
2019 WL 1787637 (E.D. Pa. Apr. 23, 2019) ........................................................... 2

*Schmidt v. Skolas*,
770 F.3d 241 (3d Cir. 2014).......................................................................................... 2

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007)............................................................................................. 1, 3, 4

RULES

Fed. R. Civ. P. 12(b)(6)................................................................................................................ 3

Fed. R. Civ. P. 12(d) .................................................................................................................. 2

Lead Plaintiff Kranthi Gorlamari ("Plaintiff") respectfully submits this memorandum of law in support of his Motion to Strike Extraneous Materials Submitted in Support of Defendants'[1] Motion to Dismiss ("Motion," ECF 42) the Second Amended Complaint ("SAC," ECF 40). Plaintiff asks that the Court strike the two affidavits annexed to the Declaration of Zachary Sisko ("Sisko Declaration," ECF 42-2) and the arguments in Defendants' memorandum of law in support in support of the Motion that rely on them.

## I.    INTRODUCTION

In deciding a Rule 12(b)(6) motion to dismiss under a §10(b) action, courts must "accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). While Defendants are free to argue competing inferences derived from these facts in their Motion, such inferences must be "rationally drawn from the facts alleged." *Id*. at 314. Here, however, Defendants' memorandum of law in support of their Motion repeatedly refers and relies on factual assertions included in the two affidavits of former Verrica employees (ECF 42-3, 42-4), attached as exhibits to Defendants' Motion to Dismiss. These affidavits cannot be considered under any of the exceptions to the general rule that matters extraneous to a complaint may not be considered on a motion to dismiss. Rather, Defendants offer these affidavits for the sole purpose of injecting the record with extraneous fact issues and asking the Court to accept these untested factual assertions as true. As a result, these affidavits should be stricken from the record and the arguments that rely on them are inappropriate for consideration on Defendants' Motion. Alternatively, the Court should simply disregard these outside-the-pleading declarations in adjudicating Defendants' Motion.

---

[1] Defendants are Verrica Pharmaceuticals, Inc. ("Verrica"), CEO Ted White, and CFO P. Terence Kohler Jr.

## II.    LEGAL STANDARD

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The Third Circuit allows few exceptions to this general rule: a court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Hartig Drug Co. Inc. v. Senju Pharm. Co. Ltd.*, 836 F.3d 261, 268 (3d Cir. 2016) (quoting *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010)). Matters of public record "include prior judicial proceedings, filings with the SEC, and other documents deemed to be public records by law." *In re Cognizant Tech. Sols. Corp. Sec. Litig.*, 2018 WL 3772675, at *13 (D.N.J. Aug. 8, 2018).

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).

## III.    THE AFFIDAVITS ARE EXTRANEOUS DOCUMENTS THAT MAY NOT BE CONSIDERED WHEN ADJUDICATING A MOTION TO DISMISS

The former employee affidavits are extraneous documents that are not attached to the SAC, are not matters of public record, and Plaintiff's claims are not based upon these affidavits. Therefore, the affidavits do not qualify for any exception to the general rule against extraneous documents. *Burlington*, 114 F.3d at 1426; *see also Robinson v. Philip Morris USA, Inc.*, 2019 WL 1787637, at *7 (E.D. Pa. Apr. 23, 2019) (contrary affidavit proffered by defendant falls into none of the categories a court may consider in adjudicating a motion to dismiss) (Goldberg, J.).

Indeed, the Third Circuit has consistently held that affidavits attached by defendants in support of a motion to dismiss "clearly may not be considered at this stage." *Schmidt v. Skolas*, 770 F.3d 241, 249, 250 (3d Cir. 2014); *Davis v. Wells Fargo*, 824 F.3d 333, 351 (3d Cir. 2016)

2

(facts raised in declaration must be ignored in ruling on a Rule 12(b)(6) motion); *Burlington*, 114 F.3d at 1424-25 (district court's reliance on affidavit proffered in support of dismissal motion would be reversible error as the court "was not permitted to go beyond the facts alleged in the Complaint and the documents on which the claims made therein were based.").

These principles apply equally to extraneous affidavits or declarations from recanting confidential witnesses when submitted in support of a motion to dismiss in securities fraud cases. *See, e.g.*, *In re Innocoll Holdings Pub. Ltd. Co. Sec. Litig.*, 2018 WL 4252537, at *5 (E.D. Pa. Sept. 5, 2018) (disregarding "the outside-the-pleading [confidential witness] declaration" attached by defendants); *In re Par Pharm. Sec. Litig.*, 2009 WL 3234273, at *12 (D.N.J. Sept. 30, 2009) (granting motion to strike confidential witness declaration); *Halford v. AtriCure, Inc.*, 2010 WL 8973625, at *3-*4 (S.D. Ohio Mar. 29, 2010) (same); *In re Applied Micro Cirs. Corp. Sec. Litig.*, 2002 WL 34716875, at *2-*3 (S.D. Cal. Oct. 4, 2002) (same).

In sum, because the affidavits may not be considered at the motion to dismiss stage, Plaintiff respectfully requests that the Court strike them from the record.

## IV.   THE AFFIDAVITS ARE OFFERED TO RAISE FACTUAL DISPUTES THAT CANNOT BE RESOLVED AT THE MOTION TO DISMISS

Defendants offer the former employee affidavits for the sole purpose of disputing the allegations attributed to these former employees in the SAC. In doing so, the Defendants ask the Court to resolve a factual dispute in their favor by accepting the untested assertions in these affidavits as true.[2] But factual disputes cannot be resolved in Defendant's favor at this stage. *Tellabs*, 551 U.S. at 322.

---

[2] The assertions in the former employee affidavits do not prove the truth or accuracy of the former employees' statements in the affidavits. However, if the Court should have any concerns as to Plaintiff's investigators' conversations or attempted conversations with the former employees, Plaintiff's counsel will submit their investigative memoranda to the Court for *in camera* review.

Moreover, in submitting the former employee affidavits to the Court, the Defendants ask the Court to make a credibility determination of these witnesses in their favor at the motion to dismiss—an assessment that is "within the jury's authority." *Id.* at 328; *see also, e.g.*, *In re BankAtlantic Bancorp, Inc. Sec. Litig*., 851 F. Supp. 2d 1299, 1312 (S.D. Fla. 2011) ("Whether the confidential witnesses initially made the statements attributed to them in the complaints is essentially a credibility question"); *Nakkhumpun v. Taylor*, 782 F.3d 1142, 1152 (10th Cir. 2015) ("a court cannot dismiss a complaint by assessing the credibility of an informant").

For these additional reasons, it is plainly improper to consider the affidavits at the motion to dismiss, and they should be stricken from the record.

## V.    CONCLUSION

For the reasons stated above, Plaintiff requests that Exhibits 1 and 2 to the Sisko Declaration (ECF Nos. 42-3, 42-4) be stricken from the record.

Dated: April 8, 2024

By: */s/ Lee Albert*
**GLANCY PRONGAY & MURRAY LLP**
Lee Albert (PA ID# 046852)
230 Park Avenue, Suite 348
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
lalbert@glancylaw.com

Leanne H. Solish (admitted *pro hac vice*)
Chase M. Stern (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff and*
*Lead Counsel for the Class*

4

**THE LAW OFFICES OF FRANK R. CRUZ**
Frank R. Cruz (*Pro Hac* to be filed)
1999 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 914-5007

*Additional Counsel for Lead Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 8, 2024, I electronically filed a true and correct copy the foregoing document with the Clerk of Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

/s/ Lee Albert
Lee Albert