IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| KRANTHI GORLAMARI, individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERRICA PHARMACEUTICALS, INC., TED WHITE, and P. TERENCE KOHLER JR.<br><br>Defendants. | Civil Action No. 2:22-cv-02226-MSG |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................. 1

ARGUMENT ......................................................................................................................... 4

    I.      Plaintiff's Section 10(b) Claim Should Be Dismissed Because The Former
           Employee Allegations On Which It Relies Are Unreliable ......................................... 4

          A.    Plaintiff's "FE1" Allegations ............................................................................. 5

          B.    Plaintiff's "FE2" Allegations ............................................................................. 8

    II.     Plaintiff's Section 20(a) Control Person Claim Should Be Dismissed ..................... 10

CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re BankAtlantic Bancorp, Inc. Sec. Litig.*,
  851 F. Supp. 2d 1299 (S.D. Fla. 2011) ...................................................................................6

*Belmont Holdings Corp. v. SunTrust Banks, Inc.*,
  896 F. Supp. 2d 1210 (N.D. Ga. 2012) ................................................................................4, 8

*In re Burlington Coat Factory Sec. Litig.*,
  114 F.3d 1410 (3d Cir. 1997) ..................................................................................................6

*In re Cell Therapeutics, Inc.*,
  2010 WL 4791808 (W.D. Wash. Nov. 18, 2010) .....................................................................7

*City of Livonia Empls.' Ret. Sys. v. Boeing Co.*,
  711 F.3d 754 (7th Cir. 2013) ................................................................................................1, 4

*City of Livonia Emps.' Ret. Sys. v. The Boeing Co.*,
  306 F.R.D. 175 (N.D. Ill. 2014) ..............................................................................................6

*City of Edinburgh Council v. Pfizer, Inc.*,
  754 F.3d 159 (3d Cir. 2014) .....................................................................................................1

*In re Cognizant Tech. Solutions Corp. Sec. Litig.*,
  2018 WL 3772675 (D.N.J. Aug. 8, 2018) .............................................................................5, 7

*In re EVCI Colleges Holding Corp. Sec. Litig.*,
  469 F. Supp. 2d 88 (S.D.N.Y. 2006) ........................................................................................6

*Halford v. AtriCure, Inc.*,
  2010 WL 8973625 (S.D. Ohio Mar. 29, 2010) ........................................................................7

*Hatamian v. Advanced Micro Devices, Inc.*,
  2015 WL 511175 (N.D. Cal. Feb. 6, 2015) ...........................................................................2, 3

*In re Innocoll Holdings Pub. Ltd. Co. Sec. Litig.*,
  2018 WL 4252537 (E.D. Pa. Sept. 5, 2018) ..........................................................................4, 9

*Iron Workers Loc. 580 Joint Funds v. NVIDIA Corp.*,
  522 F. Supp. 3d 660 (N.D. Cal. 2021) .....................................................................................7

*M&M Hart Living Tr. v. Glob. Eagle Ent., Inc.*,
  2017 WL 5642326 (C.D. Cal. Aug. 18, 2017) ..........................................................................7

*In re Millennial Media, Inc. Sec. Litig.*,
  2015 WL 3443918 (S.D.N.Y. May 29, 2015) ..................................................................1, 3, 6, 8

ii

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Nat'l Junior Baseball League v. Pharmanet Dev. Grp. Inc.*,
    720 F. Supp. 2d 517 (D.N.J. 2010) ..................................................................5, 9

*Nelson v. Stahl*,
    173 F. Supp. 2d 153 (S.D.N.Y. 2001)...................................................................6

*In re Par Pharm. Sec. Litig.*,
    2009 WL 3234273 (D.N.J. Sept. 30, 2009) .......................................................3, 7

*In re Proquest Sec. Litig.*,
    527 F. Supp. 2d 728 (E.D. Mich. 2007).........................................................4, 7, 9

*In re Rayonier Inc. Sec. Litig.*,
    2016 WL 3022149 (M.D. Fla. May 20, 2016).................................................3, 7

*Robinson v. Philip Morris USA, Inc.*,
    2019 WL 1787637 (E.D. Pa. Apr. 23, 2019) ...................................................6, 8

*Schaeffer v. Nabriva Therapeutics plc*,
    2020 WL 7701463  (S.D.N.Y. Apr. 28, 2020)........................................................9

*Schmidt v. Skolas*,
    770 F.3d 241 (3d Cir. 2014)...................................................................................6

*Teamsters Loc. 456 Pension Fund v. Universal Health Servs.*,
    396 F. Supp. 3d 413 (E.D. Pa. 2019) ....................................................................1

*Union Asset Mgmt. Holding AG v. Sandisk LLC*,
    227 F. Supp. 3d 1098 (N.D. Cal. 2017) .................................................................7

*Winer Fam. Tr. v. Queen*,
    503 F.3d 319 (3d Cir. 2007)....................................................................................1

*Wu v. GSX Techedu Inc.*,
    2023 WL 2207422 (D.N.J. Feb. 24, 2023) ........................................................5, 9

**Statutes**

Private Securities Litigation Reform Act............................................................1, 3, 6, 7

**Rules**

Fed. R. Civ. P. 11..................................................................................................3, 6

Defendants Verrica Pharmaceuticals, Inc., Ted White, and P. Terence Kohler, Jr. respectfully submit this reply memorandum of law in support of their motion to dismiss Plaintiff's Second Amended Complaint ("SAC").

## INTRODUCTION

Plaintiff's opposition greatly simplifies Defendants' motion. Plaintiff does not dispute that the scienter allegations for its remaining claims rely on statements attributed to two former employees who have provided unequivocal declarations that the SAC inaccurately describes what they stated to Plaintiff's investigators. Plaintiff implores the Court to disregard these claim-destroying declarations, but where, as here, a plaintiff in an action subject to the Private Securities Litigation Reform Act ("PSLRA") purports to rely on alleged statements by a confidential source, the allegations must be reliable. *See City of Edinburgh Council v. Pfizer, Inc.*, 754 F.3d 159, 168 n.11 (3d Cir. 2014). The PSLRA was adopted to "reduce abuses in securities class action lawsuits," *Winer Fam. Tr. v. Queen*, 503 F.3d 319, 335 (3d Cir. 2007), and "requires that plaintiffs allege specific facts constituting strong circumstantial evidence that the defendants actually knew or recklessly disregarded the false or misleading nature of the statement at issue." *Teamsters Loc. 456 Pension Fund v. Universal Health Servs.*, 396 F. Supp. 3d 413, 466 (E.D. Pa. 2019). This is a "heavy burden" that has resulted in a "problematic endeavor" with respect to "confidential sources." *City of Livonia Empls.' Ret. Sys. v. Boeing Co.*, 711 F.3d 754, 757 (7th Cir. 2013). Although "it is reasonable to expect counsel, before filing the Complaint, to attempt to confirm with the witness the statements that counsel proposes to attribute to him and to assure that the Complaint is presenting these statements in fair context," there is a "growing body of cases chronicling the repudiation by CWs of statements attributed to them in securities class-action complaints." *In re Millennial Media, Inc. Sec. Litig.*, 2015 WL 3443918, at *11-12 (S.D.N.Y. May 29, 2015).

This, unfortunately, is another such case.  Indeed, Plaintiff makes no attempt to dispute that his representatives failed to show FE1 and FE2 the allegations attributed to them to confirm their accuracy.  Instead, Plaintiff mistakenly relies on cases such as *Hatamian v. Advanced Micro Devices, Inc.*, 2015 WL 511175 (N.D. Cal. Feb. 6, 2015), where, unlike here, the plaintiff's investigator followed a "protocol" which "requires that if information provided by a former employee is used in the complaint, that the CW receive a copy of the complaint." *Id.* at *2.

Plaintiff also mistakenly contends that Defendants are improperly seeking a "credibility" determination about a "recanting" witness.  Dkt. 43 ("Opp.") at 3, 17-20.  Neither FE1 nor FE2 purports to recant, modify, or clarify the information provided to Plaintiff's investigator; instead, what they make clear is that Plaintiff has (i) falsely attributed to FE1 statements regarding subjects about which she has no knowledge whatsoever; and (ii) misleadingly omitted the most important aspect of the information FE2 provided to Plaintiff's investigator:

- Contrary to Plaintiff's allegation that FE1 "recalled" a May 2021 meeting in which FE1 and others at Verrica "learned about Sterling's Form 483" and "acknowledged in the meeting that the receipt of the Form 483 meant the launch of VP-102 would be delayed until September 2021," ***FE1 has confirmed that she does not even know what a Form 483 is, or what "Sterling" is or was.*** Ex. 1 ¶ 12. ***In FE1's own words, the statements Plaintiffs have attributed to her are "categorically false."*** *Id.* ¶ 10.

- In dismissing Plaintiff's claims relating to Verrica's spring 2022 statements, the Court noted that the Amended Complaint "provide[d] little information about the nature of communications between Verrica and Sterling in February 2022." Dkt. 38 ("MTD Order") at 23.  Plaintiff attempts to address this deficiency with allegations attributed to FE2.  But the SAC entirely omits what FE2 conveyed to Plaintiff's investigator regarding the substance of Sterling's communications, instead alleging only that Sterling provided Verrica daily updates during the February 2022 inspection and that Sterling received a Form 483 following the inspection.  ¶¶ 14-15, 104-05.  ***As explained by FE2, the SAC's presentation of his statements is "misleading" because it omits the "critical context"—i.e., the substance of Sterling's communications to Verrica—FE2 provided to Plaintiff's investigator.*** Ex. 2 ¶ 16. ***Plaintiff does not dispute the SAC omits what FE2 told his investigator about the substance of Sterling's communications.***

2

Thus, "[t]his is not a case of merely isolated or immaterial differences between a Complaint and the declarations of a recanting witness, deficiencies which, although regrettable, do not fundamentally affect the integrity of a Complaint.  The deficiencies reported by the [FEs] here are pervasive. And they run a gamut: They infect statements of major as well as minor importance; and they involve statements that witnesses denied making [and] statements that were made but which the [S]AC presented out of context." *Millennial Media*, 2015 WL 3443918, at *10.

Tellingly, despite relying on cases such as *In re Rayonier Inc. Sec. Litig.*, 2016 WL 3022149, at *1 (M.D. Fla. May 20, 2016), where "Lead Plaintiffs' counsel certified under Federal Rule of Civil Procedure 11 that they have a 'hundred percent' good faith basis to maintain [a CW's] allegations," and *In re Par Pharm. Sec. Litig.,* 2009 WL 3234273, at *11 (D.N.J. Sept. 30, 2009), where "Plaintiffs argue[d] that their inquiry into the allegations surrounding [the CW] was … in accordance with Rule 11," Plaintiff's counsel here makes no such certification or argument. Nor does Plaintiff's counsel provide any explanation why there was no attempt to confirm with FE1 or FE2 the accuracy of the statements attributed to them.  Instead, without any factual basis, Plaintiff points the finger at Defendants, speculating that they "were in a position to exert pressure" on FE1 and FE2.  Opp. 18.  But FE1 and FE2 left Verrica years ago, Ex. 1 ¶ 2; Ex. 2 ¶ 2, and there is no allegation, nor could there be, that either relies on any ongoing severance or other payments from Verrica. *Compare Hatamian*, 2015 WL 511175, at *2 ("CW6 … received [a letter] … which requested that CW6 contact [the company] per the terms of his severance agreement…. CW6 expressed concerns regarding his severance, given his reliance on [it] to supplement his income.").

Where, as here, a plaintiff in an action subject to the PSLRA purports to rely on statements attributed to confidential witnesses, but fails to show those witnesses the allegations attributed to them to confirm their accuracy in abrogation of their duties under Rule 11, *see Millennial Media*,

3

2015 WL 3443918, at *11, courts have properly considered on a motion to dismiss declarations from those witnesses showing that the statements attributed to them are inaccurate and therefore unreliable. *See City of Livonia*, 711 F.3d at 762 (affirming dismissal of securities fraud complaint and criticizing plaintiffs' counsel for their "ostrich tactics" in failing to inquire about their confidential source); *Belmont Holdings Corp. v. SunTrust Banks, Inc.*, 896 F. Supp. 2d 1210, 1223-24 (N.D. Ga. 2012) (dismissing securities complaint where a confidential witness's declarations showed that he lacked knowledge of the matters attributed to him).

And, as Plaintiff's own cases show, other courts have significantly discounted former employee allegations after considering missing information about, or attributed to, that former employee (*e.g.*, the SAC here is devoid of information showing that FE1, a marketing director, would know what a Form 483 is or what Sterling is or was, and is conspicuously silent on what FE2 said was the substance of Sterling's communications to Verrica in spring 2022). *See, e.g.*, *In re Innocoll Holdings Pub. Ltd. Co. Sec. Litig.*, 2018 WL 4252537, at *8 (E.D. Pa. Sept. 5, 2018) (granting motion to dismiss and stating that "[a]lthough the Court will consider the [CW] statement as part of the pleading, it will deeply discount the statement …"); *In re Proquest Sec. Litig.*, 527 F. Supp. 2d 728, 740 (E.D. Mich. 2007) (opting "to discount, but not ignore, CI 1's allegations").

Either way, the SAC should be dismissed because the FE allegations upon which Plaintiff's remaining claims are premised are unreliable. The SAC should be dismissed with prejudice.

## **ARGUMENT**

### I.      **Plaintiff's Section 10(b) Claim Should Be Dismissed Because The Former Employee Allegations On Which It Relies Are Unreliable**

Plaintiff's remaining claims rely on statements attributed to two former employees, FE1 and FE2, that are unreliable and do not support any inference, much less the requisite strong inference, of fraudulent intent.

4

### A.   Plaintiff's "FE1" Allegations

FE1 is alleged to have been a Verrica marketing director between April and August 2021. ¶ 101 n.10. Plaintiff alleges that FE1 "confirmed" that "Verrica immediately knew of the resulting Form 483 from the May 2021 Sterling Inspection" and "recalled" (i) "being in a meeting with Chief Commercial Officer, Joe Bonaccorso and all his direct reports including FE1 and Williams, when they learned about Sterling's Form 483;" (ii) that this meeting "took place in mid-May 2021, and that it was acknowledged in the meeting that the receipt of the Form 483 meant the launch of VP-102 would be delayed until September 2021"; and (iii) "Defendant White was well aware of the receipt of the Form 483." ¶ 101.

But, as the Court has recognized, other than alleging that FE1 and Mr. White "got along well," "no other information is provided about the former employee's basis of knowledge." MTD Order at 17; *see, e.g.*, *Wu v. GSX Techedu Inc.*, 2023 WL 2207422, at \*5-8 (D.N.J. Feb. 24, 2023) (rejecting statements attributed to confidential witnesses who were not "described in the complaint with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged"); *Nat'l Junior Baseball League v. Pharmanet Dev. Grp. Inc.*, 720 F. Supp. 2d 517, 542-47, 553-56 (D.N.J. 2010) (rejecting statements attributed to a former marketing manager who did not "ha[ve] any involvement in the reporting or calculating of PharmaNet's backlog" and whose "belief" that CEO and CFO must have known about alleged fraudulent practices was based only on their positions in company).[1]

---

[1] In contrast to FE1, a marketing director who would have had no reason to know what a Form 483 is, the former employee at issue in *In re Cognizant Tech. Solutions Corp. Sec. Litig.*, 2018 WL 3772675 (D.N.J. Aug. 8, 2018), was Manager of Internal Audit & SOX Compliance, statements from whom "would be particularly relevant because this person would have access to information about Defendants' internal controls and reporting." *Id.* at \*11. Moreover, the former employee in *Cognizant* did not provide a declaration; rather, defendants' counsel submitted a declaration regarding a call with the former employee. *Id.* at \*10. That is far different than the situation here.

As reflected in FE1's declaration, the allegations attributed to her are "categorically false." Ex. 1 ¶ 10.  FE1 does not even know what a Form 483 is or what Sterling is or was.  *Id.* ¶¶ 10-13. Moreover, no representative of the Plaintiff ever showed FE1 the allegations attributed to her to confirm their accuracy.  *Id.* ¶ 14.  That is an abdication of Plaintiff's counsel's duties, which, in a case subject to the heightened pleading standards of the PSLRA, should not be rewarded with a free pass to advance past the pleading stage:

> It is difficult to come up with a good reason why counsel would not attempt to confirm with a witness … the accuracy of the statements that counsel intended to attribute to them in a Complaint. Perhaps counsel feared that, confronted with such statements, the witness might repudiate, or unhelpfully modify or contextualize, the investigator's account of his earlier statements…. But those are not good reasons to refrain from checking factual accuracy. And the Federal Rules of Civil Procedure do not countenance a "see no evil" approach to pleading….
>
> The practice revealed by this case, in which plaintiffs' counsel makes literally no attempt to confirm the quotes of a witness on whom counsel proposes to rely in a public filing, sits at best uneasily alongside Federal Rule of Civil Procedure 11….
>
> [B]y the time counsel are readying to file a Complaint, an "inquiry reasonable under the circumstances" [required by Fed. R. Civ. 11] demands more. Particularly where a Complaint proposes to rely on quotes drawn from an investigator's memo recounting an unrecorded witness interview, it is reasonable to expect counsel, before filing the Complaint, to attempt to confirm with the witness the statements that counsel proposes to attribute to him and to assure that the Complaint is presenting these statements in fair context.

*Millennial Media*, 2015 WL 3443918, at *11; *accord City of Livonia Emps.' Ret. Sys. v. The Boeing Co.*, 306 F.R.D. 175, 182 (N.D. Ill. 2014) (imposing Rule 11 sanctions where plaintiffs' counsel "failed to verify the allegations" attributed to a confidential witness).[2]

---

[2] Plaintiff mistakenly relies on cases that did not involve confidential witness declarations (let alone CW allegations integral to a complaint) or pleadings that falsely attributed statements to confidential witnesses.  *See Schmidt v. Skolas*, 770 F.3d 241 (3d Cir. 2014); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410 (3d Cir. 1997); *Robinson v. Philip Morris USA, Inc.*, 2019 WL 1787637 (E.D. Pa. Apr. 23, 2019); *In re EVCI Colleges Holding Corp.*, 469 F. Supp. 2d 88 (S.D.N.Y. 2006); *Nelson v. Stahl*, 173 F. Supp. 2d 153 (S.D.N.Y. 2001).  Plaintiff also mistakenly relies on *In re BankAtlantic Bancorp*, 851 F. Supp. 2d 1299 (S.D. Fla. 2011), which imposed Rule 11 sanctions because "factual contentions attributed to [a CW] lacked adequate evidentiary support and a reasonable inquiry by counsel would have revealed as much."  *Id.* at 1314.

6

Plaintiff makes no attempt to dispute FE1's declaration or to vouch that there is a good faith basis for maintaining the allegations attributed to FE1. Instead, Plaintiff attempts to dodge the issue entirely by arguing that Defendants have violated the PSLRA discovery stay.  Opp. 16-17.  But "voluntary conversations between counsel and third parties are not 'discovery,' and either party may engage in such investigation without disturbing the mandatory stay." *M&M Hart Living Tr. v. Glob. Eagle Ent., Inc.*, 2017 WL 5642326, at *2 (C.D. Cal. Aug. 18, 2017).[3]

 Plaintiff also misguidedly accuses Defendants of improperly seeking a "credibility" determination about a "recanting" witness.  Opp. 3, 17-20.  FE1's declaration does not purport to recant, modify, or clarify; instead, it makes clear that Plaintiff has falsely attributed to FE1 statements regarding subjects about which she has no knowledge at all.[4]   Under these circumstances, FE1's declaration may properly be considered:

> In the securities litigation context, where there is a higher scienter pleading standard under the PSLRA, a district court may reconsider an order denying a motion to dismiss, even where the defendant relies upon extrinsic evidence outside the pleadings, when a manifest factual error was made by the court based on "fraud [by the plaintiff], carelessness by [plaintiff's] counsel [in making its factual allegations], or by the court's own misperception of the facts.  This is especially true where the plaintiff does not, and cannot, dispute the existence of the false information

---

[3] Plaintiff's cases are not to the contrary.  *See Par Pharm.*, 2009 WL 3234273, at *12 (noting that, in *Proquest*, 527 F. Supp. 2d at 740, "the court did not strike an affidavit submitted by the defendants challenging the allegations of a confidential informant on the grounds that it violated the PSLRA's discovery stay," stating that "the Court is sympathetic to the *Proquest* court's cautious approach," and declining to adopt any "*per se* rule"); *Cognizant*, 2018 WL 3772675, at *10-13 (concerning request for deposition); *In re Cell Therapeutics, Inc.*, 2010 WL 4791808, at *1 (W.D. Wash. Nov. 18, 2010) (same).

[4] Plaintiff's reliance on cases in which there was a "recanting" witness is thus misplaced.  *See, e.g.*, *Iron Workers Loc. 580 Joint Funds v. NVIDIA Corp.*, 522 F. Supp. 3d 660, 672 (N.D. Cal. 2021), *aff'd in part, rev'd in part and remanded sub nom. E. Ohman J:or Fonder AB v. NVIDIA Corp.*, 81 F.4th 918 (9th Cir. 2023); *Union Asset Mgmt. Holding AG v. Sandisk LLC*, 227 F. Supp. 3d 1098, 1101 (N.D. Cal. 2017); *Halford v. AtriCure, Inc.*, 2010 WL 8973625, at *3-4 (S.D. Ohio Mar. 29, 2010); *Rayonier*, 2016 WL 3022149, at *1.

7

concerning [a confidential witness'] position and his personal knowledge" upon which the district court erroneously relied when ruling on the original motion to dismiss.[5]

*Belmont*, 896 F. Supp. 2d at 1223 (alterations in original; quotations and citations omitted).

Like Plaintiff here, the plaintiff in *Belmont* argued that confidential witness declarations should be disregarded as "recantations" of testimony that create disputes of fact or as the "product of intimidation" by defendants. *Id.* at 1223-30 & n.12. Like the *Belmont* court, this Court should reject Plaintiff's baseless contentions, reject the statements falsely attributed to FE1 (or deeply discount them), and dismiss the remaining claim relating to Mr. White's May and June 2021 statements about the Sterling inspection that relies on the statements falsely attributed to FE1.[6]

## B.      Plaintiff's "FE2" Allegations

In dismissing Plaintiff's claims relating to Verrica's spring 2022 statements, the Court noted that the Amended Complaint "provide[d] little information about the nature of communications between Verrica and Sterling in February 2022." MTD Order at 23. Plaintiff attempts to address this deficiency with allegations attributed to FE2. But the SAC entirely omits what FE2 conveyed to Plaintiff's investigator about the substance of Sterling's communications, and instead alleges only that Sterling provided Verrica daily updates during the February 2022 inspection and that Sterling received a Form 483 following the inspection. ¶¶ 14-15, 104-05. The

---

[5] Plaintiff mistakenly relies on non-PSLRA cases. *See, e.g.*, *Robinson*, 2019 WL 1787637. The PSLRA's heightened pleading requirements has resulted in securities plaintiff's counsel undertaking practices, such as not confirming the accuracy of CW statements, that "create significant potential for inaccuracy." *Millennial Media*, 2015 WL 3443918, at *6.

[6] As a last resort, Plaintiff argues that his claim is adequately pled "even without" FE1. Opp. 20. But Plaintiff does not, and cannot, dispute that, in holding that the Amended Complaint had adequately pled both falsity and a strong inference of scienter, the Court relied on alleged statements that FE1's declaration now makes clear were falsely attributed to her. *See* MTD Order at 14 (noting in falsity discussion that "[t]he complaint does allege, however, that a former employee recounted a discussion in [a mid-May 2021] meeting that 'receipt of the Form 483 would delay the launch of VP-102'"); *id.* at 18 (noting same in scienter discussion); *id.* at 17 (stating in scienter discussion that former employee allegations were "entitled to some weight").

SAC's conspicuous failure to plead the most important aspect of the "nature" of Sterling's communications—*i.e.*, the substance of what was conveyed—is a sufficient basis alone to entirely discount Plaintiff's FE2 allegations. *See GSX*, 2023 WL 2207422, at \*5-8; *Innocoll*, 2018 WL 4252537, at \*8; *Pharmanet*, 720 F. Supp. 2d at 542-47, 553-56; *Proquest*, 527 F. Supp. 2d at 740.

FE2's declaration provides an additional basis for rejecting Plaintiff's attempt to revive his dismissed claim relating to Verrica's spring 2022 statements and against Mr. Kohler Jr. Plaintiff does not dispute that the only time his investigator spoke to FE2 was before the filing of the Amended Complaint. The reason the Amended Complaint omits any reference to FE2, and the reason the SAC omits what FE2 conveyed about the substance of Sterling's communications, is that (i) "in its daily updates during the inspection, Sterling told Verrica that the inspection was going well"; and (ii) "following the FDA inspection, Sterling informed Verrica that it received a Form 483, but told Verrica that none of the identified issues would impact Verrica's regulatory submission for VP-102" and that "the inspection would result only in a VAI (voluntary action indicated) designation for Sterling's facility and that the FDA inspector would be recommending approval of the PAI (pre-approval inspection) for VP-102." Ex. 2 ¶ 11. The substance of those communications is essential because the relevant question in evaluating scienter is whether the Defendants believed that Verrica's spring 2022 statements regarding the prospects for VP-102's regulatory approval were false when made. *See Schaeffer v. Nabriva Therapeutics plc*, 2020 WL 7701463, at \*9, \*12 (S.D.N.Y. Apr. 28, 2020) (explaining that "Form 483 is interim FDA feedback" and holding that "the Complaint does not plead enough to show that Defendants knew or recklessly disregarded that their statements were misleading in light of the Form 483").

As a last resort, Plaintiff avers that FE2, and "[w]hatever Defendants may have been told by Sterling," are beside the point because "the crux of Plaintiff's allegations are that in the Spring

9

of 2022, Defendants continued to omit from investors that the February 2022 inspection of Sterling took place and that it resulted in another Form 483." Opp. 21.  But that was the "crux" of Plaintiff's allegations in the Amended Complaint as well, which the Court found insufficient because it "provide[d] little information about the nature of communications between Verrica and Sterling in February 2022."  Dkt. 38 at 23.  By omitting the substance of what Sterling communicated to Verrica during and after the February 2022 inspection, the SAC, like the Amended Complaint, provides "little information" about the communications.[7]

## II.     Plaintiff's Section 20(a) Control Person Claim Should Be Dismissed

Plaintiff does not dispute that, in the absence of an adequately pled primary violation of Section 10(b) by Verrica, his Section 20(a) "control person" claim against the Individual Defendants should be dismissed.  Moreover, rather than plead the culpable participation of Mr. Kohler Jr. in a primary violation, the only new allegations relating to Mr. Kohler Jr. are that he was among those at Verrica to whom FE2 forwarded Sterling's daily updates and who were informed of Sterling's receipt of a Form 483.  ¶¶ 104-05.  As discussed above, there are no allegations regarding the substance of Sterling's communications; instead, Plaintiff deliberately omits information conveyed by FE2 that undermines any inference of scienter.  Nor has Plaintiff adequately pled a strong inference of scienter against Mr. White because, as explained above, the FE1 and FE2 allegations upon which Plaintiff relies are unreliable.  Accordingly, Plaintiff's Section 20(a) claim against each Individual Defendant should be dismissed.

## CONCLUSION

For the foregoing reasons, the SAC should be dismissed with prejudice.

---

[7] Citing SAC paragraphs 106 and 102, Plaintiff claims the SAC "adds" other allegations beyond those relating to FE2. Opp. 11-12. But those same allegations were in the Amended Complaint (at paragraphs 124 and 100), which the Court found insufficient.

10

Dated: April 22, 2024

**COOLEY LLP**

By: */s/ Aric H. Wu*
Sarah M. Lightdale
Aric H. Wu
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
slightdale@cooley.com
ahwu@cooley.com
cmartin@cooley.com

Luke T. Cadigan
Zachary Sisko
500 Boylston Street
Boston, MA 02116-3736
Telephone: (617) 937-2300
Facsimile: (617) 937-2400
lcadigan@cooley.com
zsisko@cooley.com

**MORGAN, LEWIS & BOCKIUS LLP**
Michael L. Kichline
Emily S. Kimmelman
1701 Market St.
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
michael.kichline@morganlewis.com
emily.kimmelman@morganlewis.com

*Attorneys for Defendants Verrica Pharmaceuticals, Inc.,*
*Ted White, and P. Terence Kohler, Jr.*

11

**<u>CERTIFICATE OF SERVICE</u>**

I, Aric H. Wu, hereby certify that on this 22nd day of April 2024, the foregoing document, filed through the ECF system, will be sent electronically to the registered participated on the Notice of Electronic Filing, and paper copies will be sent to any non-registered participants.

*/s/ Aric H. Wu*
Aric H. Wu