IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KRANTHI GORLAMARI, Individually and on Behalf of All Others Similarly Situated, <br><br> *Plaintiff*, <br><br> v. <br><br> VERRICA PHARMACEUTICALS, INC., TED WHITE, P. TERENCE KOHLER JR. and A. BRIAN DAVIS, <br><br> *Defendants*. | Civil Action <br><br> No. 22-cv-2226 |

## MEMORANDUM OPINION

**GOLDBERG, J.**                                                                                            September 3, 2024

Plaintiff Kranthi Gorlamari, seeking to represent a class of investors, has sued Defendants Verrica Pharmaceuticals, Inc., its CEO Ted White, and its CFO Terence Kohler, alleging Defendants defrauded investors by concealing obstacles Verrica faced in obtaining FDA approval of its lead product.

Previously, Defendants moved to dismiss Plaintiff's Amended Complaint, and I ruled that Plaintiff had plausibly alleged that certain statements were false or misleading. As to some of those statements, I found that Plaintiff had adequately pled that Defendants acted with conscious wrongdoing ("scienter"), but, as to certain other statements, Plaintiff's scienter allegations were lacking. I granted Plaintiff leave to replead, and Plaintiff has filed a Second Amended Complaint, which relies heavily on statements from anonymous former Verrica employees to demonstrate Defendants' knowledge of ongoing problems.

1

Defendants have moved to dismiss a second time. Defendants now support their motion with declarations from individuals claiming to be the anonymous former employees referenced in Plaintiff's Second Amended Complaint, who largely deny the accuracy of statements attributed to them. Defendants argue that because Plaintiff's sources have recanted, Plaintiff cannot satisfy the statutory requirement to plead a "strong inference" of scienter.

For the reasons set out below, I conclude that the declarations relied upon by Defendants are outside the scope of a motion to dismiss, and I must only examine the allegations in Plaintiff's Seconded Amended Complaint. Under that standard, I find that Plaintiff has adequately pled scienter as to Defendants Verrica and White. However, Plaintiff's allegations do not support the necessary mental states (either for direct or vicarious liability) as to Defendant Kohler. Defendants' motion will therefore be granted in part and denied in part, and the remaining Defendants will be directed to answer Plaintiffs' Second Amended Complaint.

## I.  FACTS

A more detailed recitation of Plaintiff's allegations, which are mostly unchanged from the first motion to dismiss, is set out in my prior opinion of January 11, 2024. (ECF No. 38.) Briefly summarized, Verrica is a pharmaceutical manufacturer whose leading product during 2021 to 2022 was "VP-102," a drug-device combination for treating the skin disease molluscum. To be successful, VP-102 needed FDA approval. (2d Am. Compl. ¶¶ 32-33.)

Plaintiff alleges that from May 2021 to May 2022, Defendants made false public statements to conceal quality problems at Verrica's contract manufacturer, Sterling Pharmaceutical Services, LLC. The FDA denied approval of VP-102 in September 2021 and again in May 2022 because Sterling was out of compliance with the FDA's "current good manufacturing practices" ("cGMP").

(2d Am. Compl. ¶¶ 70, 80.) Plaintiff alleges he and other investors were misled about the prospects of VP-102's success.

Plaintiff alleges false statements during three time periods:

- In May and June 2021, Plaintiff alleges Defendants made false public statements that concealed problems uncovered during an FDA inspection of Sterling. (2d Am. Compl. ¶¶ 68-69, 107-111.) On Defendants' prior motion, I concluded that Plaintiff had adequately pled that these statements were false or misleading and that Defendants Verrica and White acted with scienter, partly based on information from an anonymous former Verrica employee. Plaintiff's allegations regarding these statements in the Second Amended Complaint are essentially unchanged.

- In September through November 2021, Plaintiff alleges Defendants made false public statements about when they learned of Sterling's quality problems and whether Sterling was working to correct them. (2d Am. Compl. ¶¶ 71, 76-77.) I previously ruled Plaintiff had adequately alleged that these statements were false, but that the falsity was either not material or Plaintiff had not alleged Defendants' knowledge. Plaintiff's Second Amended Complaint does not seek to revive these claims, and I therefore do not address them in this Opinion.

- In March through May 2022, Plaintiff alleges Defendants made false public statements that quality problems at Sterling had been resolved, even though a second FDA inspection in February 2022 found these same problems unresolved. (2d Am. Compl. ¶¶ 112-119.) I previously concluded that Plaintiff had plausibly alleged falsity but had not raised a strong inference that Defendants were aware of the February 2022 inspection or its outcome. Plaintiff's Second Amended Complaint supplements his prior allegations with statements from a second anonymous former Verrica employee, who alleges that Verrica's senior management, including White and Kohler, received "daily updates" on the February 2022 inspection at Sterling. (Id. ¶ 14.)

Attached to Defendants' current motion to dismiss are two declarations from individuals claiming to be the anonymous former Verrica employees referenced in Plaintiff's Second Amended Complaint. The declarations assert that the statements attributed to them are either false or taken out of context.

Defendants ask that Plaintiff's Second Amended Complaint be dismissed, primarily based on the attached declarations. Defendants argue Plaintiff cannot establish the required "strong inference" of scienter because the declarations undermine the strength of Plaintiff's allegations.

## II. LEGAL STANDARD

Analysis of Plaintiff's complaint is governed both by the usual "plausibility" standard under Rule 8(a) as well as the heightened pleading standards under Rule 9(b) and the Private Securities Litigation Reform Act (PSLRA).

First, to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Conclusory allegations do not suffice. Id. Twombly and Iqbal's plausibility standard requires more than a "sheer possibility that a defendant has acted unlawfully." Id. Plausibility requires "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements of a claim." Phillips v. Cty. Of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

To determine the sufficiency of a complaint under Twombly and Iqbal, a court must (1) "tak[e] note of the elements a plaintiff must plead to state a claim"; (2) identify the allegations that are not entitled to the assumption of truth because they are no more than conclusions; and (3) "where there are well-pleaded factual allegations, … assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Burtch v. Millberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011). Courts must construe the allegations in a complaint "in the light most favorable to the plaintiff." Id. at 220.

When deciding a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014).

In addition, the PSLRA and Rule 9(b) impose two requirements on a complaint pleading securities fraud. First, false statements must be alleged with "particularity." Tellabs, Inc. v. Makor

4

Issues & Rts., Ltd., 551 U.S. 308, 313 (2007). This standard requires the plaintiff to allege "all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue." United States ex rel. Moore & Co., P.A. v. Majestic Blue Fisheries, LLC, 812 F.3d 294, 307 (3d Cir. 2016).

Second, the inference of scienter (i.e., conscious wrongdoing) must be more than plausible: it must be "strong." 15 U.S.C. § 78u-4(b)(2)(A). A strong inference is one that is "cogent and compelling," "strong in light of other explanations," and "at least as compelling as any opposing inference one could draw from the facts alleged." Tellabs, 551 U.S. at 324. "But a plaintiff does not need to come forward with 'smoking-gun' evidence to meet the PSLRA's pleading requirements. Rather, in conducting the scienter analysis, courts must analyze the complaint holistically to determine whether its allegations, 'taken collectively, give rise to a strong inference of scienter, not whether any individual allegation, scrutinized in isolation, meets that standard.'" In re Hertz Glob. Holdings, Inc., 905 F.3d 106, 114 (3d Cir. 2018) (citation omitted) (quoting Tellabs, 551 U.S. at 323).

The "strong inference" standard only applies to the element of scienter, and does not apply to the element of falsity. See 15 U.S.C. § 78u-4(b)(2). Nevertheless, allegations supporting falsity are relevant to the strong inference standard because a defendant is less likely to realize the falsity of a statement that might plausibly be true. See Anderson v. Stonemor Partners, L.P., 296 F. Supp. 3d 693, 704 (E.D. Pa. 2017). Thus, where the inference of falsity is weak, more will be required to support the requisite strong inference of scienter. See id.

### III.    DISCUSSION

Initially, I must determine whether Defendants' attached witness declarations may be considered on a motion to dismiss.

### A.     Use of Witness Declarations on a Motion to Dismiss

A motion to dismiss is normally confined to the pleadings. Schmidt, 770 F.3d at 249. There are limited exceptions for intrinsic or judicially noticeable documents, but witness declarations do not fall into those categories and thus "clearly may not be considered at [the pleadings] stage." Id.

Defendants offer two arguments for why I should nonetheless consider their declarations. First, Defendants suggest that different rules apply in securities fraud class actions, where an elevated pleading standard requires a plaintiff to show an inference of scienter that is not just plausible but "strong." Defendants reason that an inference is not "strong" if it is based on statements from a witness who has recanted.

However, Congress directed that the "strong inference" standard should be evaluated based on whether the "complaint … state[s] … facts" to support it. 15 U.S.C. § 78u-4(b)(2)(A). Courts may only look outside the pleadings to "sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss" such as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, 551 U.S. at 322. Thus, securities fraud class actions follow the usual rule that, at the pleadings stage, the allegations in a complaint control over extrinsic evidence.

While Defendants cite cases in which witness declarations were offered on a motion to dismiss, the courts in those cases did not use the declarations to contradict the allegations of the complaints; rather, the plaintiffs in those cases reevaluated their allegations in light of the declarations and conceded they could no longer stand by the facts they had pled. See Belmont Holdings Corp. v. SunTrust Banks, Inc., 896 F. Supp. 2d 1210, 1224-25 (N.D. Ga. 2012) (noting plaintiffs no longer contended their confidential source had personal knowledge); City of Livonia Employees' Ret. Sys. & Loc. 295/Loc. 851 v. Boeing Co., 711 F.3d 754, 761 (7th Cir. 2013) (finding plaintiffs had "abandoned" their prior allegations). Here, Plaintiff has not withdrawn the

6

allegations attributed to the anonymous former Verrica employees in the Second Amended Complaint.[1]

Defendants' second argument is that courts should allow witness declarations on a motion to dismiss because unscrupulous plaintiffs' lawyers might fabricate allegations attributed to anonymous sources. This policy argument is for Congress or the Rules Advisory Committee. The law as it stands is that witness declarations are off limits on a motion to dismiss.

For these reasons, I conclude that I may not consider Defendants' attached declarations at this time. In the remainder of this Opinion, Plaintiff's claims are evaluated based on the allegations in the Second Amended Complaint.[2]

### B. Plaintiff's Securities Fraud Claims

"Together, § 10(b) [of the Exchange Act] and [SEC] Rule 10b-5 imply a private cause of action for securities fraud. … That claim has six elements: (i) a misrepresentation or omission of material fact; (ii) scienter; (iii) a connection with the purchase or sale of a security; (iv) reliance; (v) economic loss; and (vi) loss causation." City of Warren Police & Fire Ret. Sys. v. Prudential Fin., Inc., 70 F.4th 668, 679 (3d Cir. 2023). Here, Plaintiff alleges all Defendants violated the securities laws by making public statements that misleadingly concealed quality problems at Sterling.

---

[1] Defendants argue Plaintiff's counsel failed to certify that the allegations attributed to former employees complied with Rule 11. However, counsel's signature on the Amended Complaint (as well as the act of filing it) constitutes such a certification. Fed. R. Civ. P. 11(b).

[2] Where a motion to dismiss relies on extrinsic evidence, a court may convert it to a motion for summary judgment provided certain procedural safeguards are followed. Fed. R. Civ. P. 12(d). Neither party has asked me to treat Defendants' motion as one for summary judgment, and I decline to do so sua sponte.

1.   <u>Defendants Verrica and White</u>

I previously ruled that Plaintiff had adequately alleged violations of the securities laws by Verrica and White as to Defendants' public statements in May and June 2021. The allegations in the Second Amended Complaint regarding those statements remain essentially unchanged, and thus Defendants' motion will be denied as to those claims.

As to Defendants' statements in March through May 2022, I previously ruled that Plaintiff had adequately pled all elements except scienter. Plaintiff's Second Amended Complaint offers new allegations regarding Defendants' knowledge of Sterling's quality problems during that time. According to an anonymous former Verrica employee who claims to have personally traveled to Sterling's site during the February 2022 FDA inspection, Sterling sent Verrica's senior management, including White, daily updates on the inspection, including the FDA's conclusion that quality problems similar to those found in May 2021 remained. White allegedly "grilled" Sterling about its earlier promises to fix those problems. (2d Am. Compl. ¶¶ 14-15, 100, 103-05.)

These allegations raise a "strong inference" that White understood it was misleading to tell investors at subsequent conferences and in public filings that the problems at Sterling had been addressed through a "successful resolution." (2d Am. Compl. ¶ 112.) Defendants' motion will thus be denied as to claims for direct liability against White and Verrica.

Plaintiff also alleges White is liable as a "control person" responsible for Verrica's false statements. Control person liability requires "control" and "culpable participa[tion]." <u>Belmont v. MB Inv. Partners, Inc.</u>, 708 F.3d 470, 484 (3d Cir. 2013). Defendants dispute only the second element.

"Culpable participation" means that the defendant knowingly participated in a fraud. <u>Belmont</u>, 708 F.3d at 484. Because this amounts to an allegation that the "defendant acted with a particular state of mind," it is subject to the "strong inference" standard of § 78u-4(b)(2)(A).

8

Barbee v. Amira Nature Foods, Ltd., No. 21-cv-12894, 2024 WL 626302, at *7 (D.N.J. Feb. 14, 2024).

Plaintiff alleges White knew the February 2022 inspection at Sterling had found quality problems similar to those that had already resulted in Verrica's application being denied once, and understood their significance because he "grilled" Sterling about why the problems had not been fixed. These facts raise a strong inference that White knew it was misleading to tell investors the problems had been successfully resolved. Defendants' motion will therefore be denied as to Plaintiff's control person claims against White.

### 2. Kohler

I previously found that Plaintiff's First Amended Complaint did not adequately state a claim against Verrica's CFO Terence Kohler, either directly or as a control person. The only change in Plaintiff's Second Amended Complaint is that Kohler is alleged to have been among the Verrica executives receiving daily updates on the February 2022 inspection at Sterling.

Plaintiff's allegations are still too sparse to raise a "strong" inference either that Kohler personally acted with scienter or that he knowingly participated in a fraud. The only connection between Kohler and the alleged false statements is that, in his capacity as CFO, he signed certain mandatory financial reports that repeated Verrica's earlier press release about a "satisfactory resolution" at Sterling. (2d Am. Compl. ¶ 118.) There is no allegation that Kohler had any responsibilities related to these statements, or to FDA approval or Sterling more generally. Unlike White, who allegedly "grilled" Sterling over the problem, there is no allegation that Kohler reacted in any way or was made aware of the significance of the February 2022 inspection for Verrica's prospects. And the allegation that Kohler was Sterling's CFO does not raise a "strong" inference that he would have understood the relationship between cGMP violations and FDA approval.

For these reasons, I will grant Defendants' motion as to all claims against Kohler.

**IV.**     **CONCLUSION**

    For the foregoing reasons, Defendants' motion to dismiss will be denied as to Defendants Verrica and White and granted as to Defendant Kohler.

    An appropriate order follows.