**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

KRANTHI GORLAMARI, Individually and
On Behalf of All Others Similarly Situated,

        Plaintiff,

    v.

VERRICA PHARMACEUTICALS, INC.,
TED WHITE, and P. TERENCE KOHLER JR,

        Defendants.

Case No. 2:22-cv-02226-MSG

## DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT

Remaining defendants Verrica Pharmaceuticals Inc. ("Verrica" or the "Company") and Ted White (collectively, "Defendants"), by and through their undersigned counsel, hereby submit their answer to Plaintiff's Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("SAC") (ECF No. 40) and respond as follows.  All allegations—including those contained in headings, subheadings, unnumbered paragraphs, and footnotes—not expressly admitted herein are denied.  In addition, Defendants have no obligation to respond to, and expressly deny, any and all allegations relating to claims against former defendant P. Terence Kohler Jr., whom the Court dismissed with prejudice in its September 3, 2024 Order.  ECF No. 49.

**RESPONSE TO PARAGRAPH NO. 1:**

Defendants deny the allegations in Paragraph 1, except state that Paragraph 1 purports to characterize Plaintiff's current and former claims, to which no response is required.

**RESPONSE TO PARAGRAPH NO. 2:**

Defendants admit the allegations in Paragraph 2, except state for purposes of clarity that molluscum is a skin disease, which is distinct from both external genital warts and common warts.

**RESPONSE TO PARAGRAPH NO. 3:**

Defendants deny the allegations in Paragraph 3, except admit that, during the putative Class Period, Verrica sought FDA approval of VP-102 for the treatment of molluscum.

**RESPONSE TO PARAGRAPH NO. 4:**

Defendants deny the allegations in Paragraph 4, except admit that (i) Verrica submitted an NDA to the FDA seeking approval to market VP-102 for the treatment of molluscum in September 2019, (ii) Verrica received a CRL regarding its NDA for VP-102 in July 2020, and (iii) Verrica resubmitted its NDA for VP-102 to the FDA in December 2020.

**RESPONSE TO PARAGRAPH NO. 5:**

Defendants deny the allegations in the first sentence of Paragraph 5, except state that June 23, 2021 was the Prescription Drug User Fee Act ("PDUFA") goal date for FDA's response to Verrica's December 2020 NDA submission.  Defendants deny the allegations in the second sentence of Paragraph 5, except state that they purport to characterize statements reflected in a transcript or other recording of an April 13, 2021 conference, to which Defendants respectfully refer the Court for their contents.  Defendants deny the allegations in the third sentence of Paragraph 5, except state that they purport to characterize the requirements imposed by the FDA's regulations, to which Defendants respectfully refer the Court for their contents.  Defendants deny the allegations in the fourth sentence of Paragraph 5.

**RESPONSE TO PARAGRAPH NO. 6:**

Defendants deny the allegations in Paragraph 6, except state that Paragraph 6 purports to characterize and quote statements reflected in a transcript or other recording of a May 19, 2021 conference and in a May 28, 2021 press release, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 7:**

Defendants deny the allegations in Paragraph 7, except state that (i) Paragraph 7 purports to characterize and quote from Verrica's September 20, 2021 press release, to which Defendants respectfully refer the Court for its contents, and (ii) information regarding the price and volume of trading in Verrica's common stock is a matter of public record and speaks for itself.

**RESPONSE TO PARAGRAPH NO. 8:**

Defendants deny the allegations in Paragraph 8, except admit that (i) the FDA conducted an inspection of Sterling Pharmaceutical Services, LLC in May 2021, and (ii) the FDA issued a Form 483 to Sterling Pharmaceutical Services, LLC after that inspection.

**RESPONSE TO PARAGRAPH NO. 9:**

Defendants deny the allegations in the first sentence of Paragraph 9, except admit that Verrica learned of the May 2021 Sterling Inspection and that a Form 483, which did not relate to the manufacturing of VP-102, was issued to Sterling after the inspection. Defendants deny that the allegations in the second sentence of Paragraph 9 accurately reflect what FE1 conveyed to Lead Counsel's investigator and respectfully refer the Court to FE1's sworn declaration regarding the call she had with Lead Counsel's investigator. *See* ECF No. 42-3. Defendants deny the allegations in the third sentence of Paragraph 9.

**RESPONSE TO PARAGRAPH NO. 10:**

Defendants deny the allegations in Paragraph 10, except admit that Verrica resubmitted its NDA for VP-102 for treatment of molluscum in November 2021 and state that Paragraph 10 purports to characterize and quote from Verrica's November 29, 2021 press release, to which Defendants respectfully refer to the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 11:**

Defendants deny the allegations in Paragraph 11, except admit that (i) Verrica issued a press release on May 24, 2022 that disclosed receipt of a CRL, (ii) Paragraph 11 purports to characterize and quote from Verrica's May 24, 2022 press release, to which Defendants respectfully refer the Court for its contents, and (iii) information regarding the price and volume of trading in Verrica's common stock is a matter of public record and speaks for itself.

**RESPONSE TO PARAGRAPH NO. 12:**

Defendants deny the allegations in Paragraph 12, except state that Paragraph 12 purports to characterize and quote from Verrica's May 24, 2021 press release and an FDA letter to Sterling Pharmaceutical Services, LLC, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 13:**

Defendants deny the allegations in Paragraph 13, except state that Paragraph 13 purports to characterize and quote from Verrica's May 24, 2021 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 14:**

Defendants deny the allegations in the first sentence of Paragraph 14, except admit that Defendants learned of the February 2022 Sterling Inspection and that a Form 483, which did not relate to the manufacturing of VP-102, was issued to Sterling after the inspection.  Defendants deny that the allegations in the second sentence of Paragraph 14 accurately reflect the full context of what FE2 conveyed to Lead Counsel's investigator, and respectfully refer the Court to FE2's sworn declaration regarding the call he had with Lead Counsel's investigator.  *See* ECF No. 42-4.

**RESPONSE TO PARAGRAPH NO. 15:**

Defendants deny that the allegations in Paragraph 15 accurately reflect the full context of what FE2 conveyed to Lead Counsel's investigator, and respectfully refer the Court to FE2's sworn declaration regarding the call he had with Lead Counsel's investigator. *See* ECF No. 42-4.

**RESPONSE TO PARAGRAPH NO. 16:**

Defendants deny the allegations in Paragraph 16.

**RESPONSE TO PARAGRAPH NO. 17:**

Defendants deny the allegations in Paragraph 17, except state that Paragraph 17 purports to characterize Plaintiff's current and former claims, to which no response is required.

**RESPONSE TO PARAGRAPH NO. 18:**

Defendants deny the allegations in Paragraph 18, except state that Paragraph 18 purports to characterize Plaintiff's current and former claims, to which no response is required.

**RESPONSE TO PARAGRAPH NO. 19:**

Defendants do not contest that this Court has jurisdiction over this action.

**RESPONSE TO PARAGRAPH NO. 20:**

Defendants deny the allegations in Paragraph 20, except state that (i) venue for this action is proper in this District, and (ii) Verrica's executive offices are located in this District.

**RESPONSE TO PARAGRAPH NO. 21:**

Defendants deny the allegations in Paragraph 21, except state that to the extent Paragraph 21 states a legal conclusion, no response is required.

**RESPONSE TO PARAGRAPH NO. 22:**

Defendants deny the allegations in Paragraph 22, except admit that Gorlamari has filed a certification purporting to evidence his transactions in Verrica securities and state that to the extent Paragraph 22 states a legal conclusion, no response is required.

**RESPONSE TO PARAGRAPH NO. 23:**

Defendants admit the allegations in Paragraph 23.

**RESPONSE TO PARAGRAPH NO. 24:**

Defendants admit the allegations in Paragraph 24.

**RESPONSE TO PARAGRAPH NO. 25:**

Defendants deny the allegations in Paragraph 25, except state that (i) Defendant White at times during the putative Class Period spoke to investors and/or analysts, (ii) the allegations in the second sentence of Paragraph 25 state a legal conclusion, to which no response is required, and (iii) Verrica filed yearly and quarterly reports on SEC Forms 10-K and 10-Q during the putative Class Period, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 26:**

Defendants state that no response is required to the allegations in Paragraph 26 because the Court has dismissed with prejudice all claims related to P. Terence Kohler, Jr.

**RESPONSE TO PARAGRAPH NO. 27:**

Defendants state that no response is required to the allegations in Paragraph 27 because the Court has dismissed with prejudice all claims related to P. Terence Kohler, Jr.

**RESPONSE TO PARAGRAPH NO. 28:**

Defendants deny the allegations in Paragraph 28, except state that (i) the Court has dismissed with prejudice all claims related to P. Terence Kohler, Jr., and (ii) the SAC purports to refer to Defendant White and former defendant Kohler, Jr. as "Individual Defendants."

**RESPONSE TO PARAGRAPH NO. 29:**

Defendants deny the allegations in Paragraph 29, except state that Paragraph 29 states a legal conclusion to which no response is required.

**RESPONSE TO PARAGRAPH NO. 30:**

Defendants deny the allegations in Paragraph 30, except admit that (i) Verrica is a dermatological therapeutics company developing medication for skin diseases that require medical treatment, (ii) VP-102 was Verrica's lead product during the putative Class Period, and (iii) the employee numbers in footnote 1 reflect the employee numbers reported in Verrica's Form 10-Ks.

**RESPONSE TO PARAGRAPH NO. 31:**

Defendants deny the allegations in Paragraph 31, except state that (i) information regarding Verrica's financial performance and public offerings are a matter of public record and speaks for itself, (ii) during the putative Class Period, Verrica had no FDA-approved products that it could offer for commercial sale, and (iii) the FDA approved VP-102 for the treatment of molluscum in July 2023.

**RESPONSE TO PARAGRAPH NO. 32:**

Defendants deny the allegations in Paragraph 32, except state that Paragraph 32 purports to characterize and quote from a Verrica Form 10-K, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 33:**

Defendants admit the allegations in Paragraph 33.

**RESPONSE TO PARAGRAPH NO. 34:**

Defendants admit the allegations in Paragraph 34, except state that VP-102 contains a topical solution that includes the active ingredient cantharidin.

**RESPONSE TO PARAGRAPH NO. 35:**

Defendants admit the allegations in Paragraph 35, except state that the NDAs referenced in the SAC relate to Verrica's development of VP-102 for the treatment of molluscum, not to the development of VP-102 for the treatment of external genital warts or common warts.

**RESPONSE TO PARAGRAPH NO. 36:**

Defendants deny the allegations in Paragraph 36, except state that Paragraph 36 purports to characterize Verrica press releases dated January 3, 2019, June 26, 2019, November 17, 2020, and January 4, 2024, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 37:**

Defendants admit the allegations in Paragraph 37, except state that (i) VP-102 is not commercially available for the treatment of common warts, and (ii) to the extent Paragraph 37 purports to characterize statements in Verrica's public filings, Defendants respectfully refer the Court to those filings for their contents.

**RESPONSE TO PARAGRAPH NO. 38:**

Defendants admit the allegations in Paragraph 38, except (i) state that to the extent Paragraph 38 purports to characterize statements in Verrica's public filings or RBC Capital Markets analyst reports, Defendants respectfully refer the Court to those filings and reports for

their contents, and (ii) lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding SB206 and deny the allegations on that basis.

**RESPONSE TO PARAGRAPH NO. 39:**

Defendants admit the allegations in Paragraph 39, except state that to the extent Paragraph 39 purports to characterize statements in Verrica's public filings, Defendants respectfully refer the Court to those filings for their contents.

**RESPONSE TO PARAGRAPH NO. 40:**

Defendants admit the allegations in Paragraph 40, except state that to the extent Paragraph 40 purports to characterize statements in Verrica's public filings, Defendants respectfully refer the Court to those filings for their contents.

**RESPONSE TO PARAGRAPH NO. 41:**

Defendants deny the allegations in Paragraph 41, except state that (i) VP-102 is commercially available under its brand name, YCANTH, and (ii) Paragraph 41 purports to characterize analyst reports from RBC Capital Markets, Northland Capital Markets, and H.C. Wainwright & Co., to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 42:**

Defendants deny the allegations in Paragraph 42, except admit that FDA approval is required to commercially market VP-102 for specific indications.

**RESPONSE TO PARAGRAPH NO. 43:**

Defendants state that Paragraph 43 purports to characterize federal statutes governing the FDA, 21 U.S.C. §§ 351-360, to which Defendants respectfully refer the Courts for their contents.

**RESPONSE TO PARAGRAPH NO. 44:**

Defendants deny the allegations in Paragraph 44, except admit that FDA approval is required to commercially market VP-102, and state that Paragraph 44 purports to characterize and quote from a Verrica Form 10-K, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 45:**

Defendants deny the allegations in Paragraph 45, except state that (i) prior to the putative Class Period, Verrica had completed its pre-clinical and clinical trials for VP-102 for treatment of molluscum, and (ii) Paragraph 45 purports to characterize federal regulations governing the FDA, *see* C.F.R. Title 21, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 46:**

Defendants deny the allegations in Paragraph 46, except state that Paragraph 46 purports to characterize federal regulations governing the FDA, *see* C.F.R. Title 21, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 47:**

Defendants deny the allegations in Paragraph 47, except state that Paragraph 47 purports to characterize federal regulations governing the FDA, *see* C.F.R. Title 21, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 48:**

Defendants deny the allegations in Paragraph 48, except state that Paragraph 48 purports to characterize federal regulations governing the FDA, including Part 211 of Title 21 of the Code of Federal Regulations, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 49:**

Defendants deny the allegations in Paragraph 49, except state that Paragraph 49 purports to characterize and quote from federal regulations governing the FDA, *see* C.F.R. Title 21, and a Verrica Form 10-K, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 50:**

Defendants deny the allegations in Paragraph 50, except state that Paragraph 50 purports to characterize federal regulations governing the FDA, *see* C.F.R. Title 21, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 51:**

Defendants deny the allegations in Paragraph 51, except state that Paragraph 51 purports to characterize federal regulations governing the FDA, *see* C.F.R. Title 21, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 52:**

Defendants deny the allegations in Paragraph 52, except state that Paragraph 52 purports to characterize federal regulations governing the FDA, *see* C.F.R. Title 21, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 53:**

Defendants deny the allegations in Paragraph 53, except state that Paragraph 53 purports to characterize federal regulations governing the FDA, *see* C.F.R. Title 21, and an FDA form, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 54:**

Defendants deny the allegations in Paragraph 54, except state that Paragraph 54 purports to characterize federal regulations governing the FDA, *see* C.F.R. Title 21, and FDA forms and reports, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 55:**

Defendants deny the allegations in Paragraph 55, except state that Paragraph 55 purports to characterize federal regulations governing the FDA, *see* C.F.R. Title 21, and FDA guidance to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 56:**

Defendants deny the allegations in Paragraph 56, except state that Paragraph 56 purports to characterize federal regulations governing the FDA, *see* C.F.R. Title 21, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 57:**

Defendants deny the allegations in Paragraph 57, except state that Paragraph 57 purports to characterize federal regulations governing the FDA, *see* C.F.R. Title 21, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 58:**

Defendants deny the allegations in Paragraph 58, except state that Paragraph 58 purports to characterize federal regulations governing the FDA, *see* C.F.R. Title 21, and alleged FDA policies, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 59:**

Defendants deny the allegations in Paragraph 59, except state that Paragraph 59 purports to characterize federal regulations governing the FDA, *see* C.F.R. Title 21, and FDA forms and reports, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 60:**

Defendants deny the allegations in Paragraph 60, except state that Paragraph 60 purports to characterize federal regulations governing the FDA, *see* C.F.R. Title 21, and FDA reports, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 61:**

Defendants deny the allegations in Paragraph 61, except state that Paragraph 61 purports to characterize Verrica press releases dated January 3, 2019, September 16, 2019, and November 27, 2019, to which Defendants respectfully refer the court for their contents.

**RESPONSE TO PARAGRAPH NO. 62:**

Defendants deny the allegations in Paragraph 62, except state that (i) Paragraph 62 purports to characterize and quote from Verrica's July 14, 2020 press release, to which Defendants respectfully refer the Court to its contents; and (ii) footnote 6 purports to characterize federal regulations governing the FDA, *see* C.F.R. Title 21, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 63:**

Defendants deny the allegations in Paragraph 63, except state that (i) Verrica participated in a Type A meeting with the FDA in October 2020 regarding the July 2020 CRL, and (ii) Paragraph 63 purports to characterize Verrica's November 17, 2020 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 64:**

Defendants deny the allegations in Paragraph 64, except state that Paragraph 64 purports to characterize and quote Verrica's December 23, 2020 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 65:**

Defendants deny the allegations in Paragraph 65, except state that Paragraph 65 purports to characterize Verrica's February 17, 2021 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 66:**

Defendants deny the allegations in Paragraph 66, except state that Paragraph 66 purports to characterize and quote statements reflected in a transcript or other recording of an April 13, 2021 conference, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 67:**

Defendants deny the allegations in Paragraph 67, except state that Paragraph 67 purports to characterize and quote statements reflected in a transcript or other recording of an April 13, 2021 conference, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 68:**

Defendants deny the allegations in Paragraph 68, except state that Paragraph 68 purports to characterize and quote statements reflected in a transcript or other recording of a May 19, 2021 conference, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 69:**

Defendants deny the allegations in Paragraph 69, except state that Paragraph 69 purports to characterize and quote from Verrica's May 28, 2021 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 70:**

Defendants deny the allegations in Paragraph 70, except state that Paragraph 70 purports to characterize and quote from Verrica's September 20, 2021 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 71:**

Defendants deny the allegations in Paragraph 71, except state that Paragraph 71 purports to characterize and quote from Verrica's September 20, 2021 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 72:**

Defendants deny the allegations in Paragraph 72, except state that information regarding the price and volume of trading in Verrica's common stock is a matter of public record and speaks for itself.

**RESPONSE TO PARAGRAPH NO. 73:**

Defendants deny the allegations in Paragraph 73, except state that Paragraph 73 purports to characterize September 2021 analyst reports from RBC Capital Markets, Cowen and Company, Jeffries, and Northland Capital Markets, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 74:**

Defendants deny the allegations in Paragraph 74, except state that Paragraph 74 purports to characterize and quote September 2021 analyst reports from Jeffries, TD Cowen, and Northland Securities, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 75:**

Defendants deny the allegations in Paragraph 75, except state that Paragraph 75 purports to characterize and quote September 2021 analyst reports from RBC Capital Markets and H.C. Wainwright & Co., to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 76:**

Defendants deny the allegations in Paragraph 76, except state that Paragraph 76 purports to characterize and quote from Verrica's November 12, 2021 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 77:**

Defendants deny the allegations in Paragraph 77, except state that Paragraph 77 purports to characterize and quote from Verrica's November 29, 2021 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 78:**

Defendants deny the allegations in Paragraph 78, except state that Paragraph 78 purports to characterize and quote from November 2021 analyst reports from RBC Capital Markets and H.C. Wainwright & Co., to which Defendants respectfully refers the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 79:**

Defendants admit the allegations in Paragraph 79, except state that Paragraph 79 purports to characterize Verrica's December 15, 2021 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 80:**

Defendants deny the allegations in Paragraph 80, except state that Paragraph 80 purports to characterize and quote from Verrica's May 24, 2022 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 81:**

Defendants deny the allegations in Paragraph 81, except state that information regarding the price and volume of trading in Verrica's common stock is a matter of public record and speaks for itself.

**RESPONSE TO PARAGRAPH NO. 82:**

Defendants deny the allegations in Paragraph 82, except state that Paragraph 82 purports to characterize and quote from a May 2022 analyst report from RBC Capital Markets, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 83:**

Defendants deny the allegations in Paragraph 83, except state that Paragraph 83 purports to characterize and quote from May 2022 analyst reports from Cowen and Company and H.C. Wainwright & Co., to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 84:**

Defendants deny the allegations in Paragraph 84, except state that Paragraph 84 purports to characterize and quote from Verrica's June 28, 2022 press release and 2022 Form 10-K, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 85:**

Defendants deny the allegations in Paragraph 85, except state that Paragraph 85 purports to characterize and quote from Verrica's August 11, 2022 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 86:**

Defendants deny the allegations in Paragraph 84, except state that (i) the FDA has approved YCANTH (VP-102) for the treatment of molluscum in adult and pediatric patients two years of age and older, and (ii) Paragraph 84 purports to characterize and quote from Verrica's January 4, 2023, January 23, 2023, February 27, 2023, and July 21, 2023 press releases, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 87:**

Defendants deny the allegations in Paragraph 87, except state that Sterling is a pharmaceutical contract manufacturer and formulation development company.

**RESPONSE TO PARAGRAPH NO. 88:**

Defendants deny the allegations in Paragraph 88, except state that Paragraph 88 purports to characterize and quote from a Form 483 issued to Sterling, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 89:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89 and deny the allegations on that basis.

**RESPONSE TO PARAGRAPH NO. 90:**

Defendants deny the allegations in Paragraph 90, except admit that FDA conducted an inspection of Sterling's facility in May 2021, and state that Paragraph 90 purports to characterize and quote from a Form 483 issued to Sterling, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 91:**

Defendants deny the allegations in Paragraph 91, except state that Paragraph 91 purports to characterize and quote from an EIR issued to Sterling, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 92:**

Defendants deny the allegations in Paragraph 92, except state that Paragraph 92 purports to characterize an EIR issued to Sterling, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 93:**

Defendants deny the allegations in Paragraph 93, except state that Paragraph 93 purports to characterize statements in Verrica's public filings, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 94:**

Defendants deny the allegations in Paragraph 94, except admit that the FDA conducted an inspection of Sterling's facility in February 2022 and state that Paragraph 94 purports to characterize the Form 483 issued to Sterling, to which Defendants refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 95:**

Defendants deny the allegations in Paragraph 95, except admit that Sterling informed Verrica of the OAI classification on or about May 20, 2022, and state that Paragraph 95 purports to characterize and quote from Verrica's May 24, 2022 press release and a September 27, 2022 letter from FDA to Sterling, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 96:**

Defendants deny the allegations in Paragraph 96, except state that Paragraph 96 purports to characterize and quote a September 27, 2022 letter from the FDA to Sterling, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 97:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 about what the FDA observed during its inspections and deny the allegations on that basis, except state that to the extent Paragraph 97 purports to characterize the contents of the Form 483s issued to Sterling, EIRs issued to Sterling, or the September 27, 2022 letter to Sterling from the FDA, Defendants respectfully refer the Court to those documents for their contents.

**RESPONSE TO PARAGRAPH NO. 98:**

Defendants deny the allegations in Paragraph 98, except admit that the FDA issued a Form 483 to Sterling following its May 2021 inspection and state that Paragraph 98 purports to

characterize statements reflected in a transcript or other recording of an April 13, 2021 conference, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 99:**

Defendants deny the allegations in Paragraph 99, except state that Paragraph 99 purports to characterize and quote statements reflected in a transcript or other recording of an April 13, 2021 conference and Verrica's May 24, 2022 press release, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 100:**

Defendants deny the allegations in Paragraph 100, except state that Paragraph 100 purports to characterize and quote FDA Guidance titled "Contract Manufacturing Arrangements for Drugs: Quality Agreements – Guidance for Industry," to which Defendants respectfully refer the Court for its contents. Defendants further state that they lack knowledge or information sufficient to form as belief as to the allegations in footnote 9, and deny the allegations on that basis, and respectfully refer the Court to the court pleading cited, *Vision Pharma, LLC v. Sterling Pharm. Servs., LLC*, Case No.:18-cv-00500-UA-MRM, ECF No. 24 (M.D. Fla.), for its contents.

**RESPONSE TO PARAGRAPH NO. 101:**

Defendants deny that the allegations in Paragraph 101 accurately reflect what FE1 conveyed to Lead Counsel's investigator and respectfully refer the Court to FE1's sworn declaration regarding the call she had with Lead Counsel's investigator. *See* ECF No. 42-3.

**RESPONSE TO PARAGRAPH NO. 102:**

Paragraph 102 states a legal conclusion, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 102, except state that Paragraph

102 purports to characterize and quote Verrica's 2020 and 2021 Form 10-Ks, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 103:**

Defendants deny the allegations in Paragraph 103, except state that Paragraph 103 purports to characterize Verrica's May 24, 2022 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 104:**

Defendants deny that the allegations in Paragraph 104 accurately reflect the full context of what FE2 conveyed to Lead Counsel's investigator and respectfully refer the Court to FE2's sworn declaration regarding the call he had with Lead Counsel's investigator. *See* ECF No. 42-4.

**RESPONSE TO PARAGRAPH NO. 105:**

Defendants deny that the allegations in Paragraph 105 accurately reflect the full context of what FE2 conveyed to Lead Counsel's investigator and respectfully refer the Court to FE2's sworn declaration regarding the call he had with Lead Counsel's investigator. *See* ECF No. 42-4.

**RESPONSE TO PARAGRAPH NO. 106:**

Defendants deny the allegations in Paragraph 106, except state that Paragraph 106 purports to characterize and quote characterize statements reflected in transcripts or other recordings of March 9, 2022 and April 14, 2022 conferences, to which Defendants respectfully refer the Court for their contents.

**RESPONSE TO PARAGRAPH NO. 107:**

Defendants deny the allegations in Paragraph 107, except state that Paragraph 107 purports to characterize and quote characterize statements reflected in a transcript or other recording of a May 19, 2021 conference, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 108:**

Paragraph 108 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 108.

**RESPONSE TO PARAGRAPH NO. 109:**

Defendants deny the allegations in Paragraph 109, except state that Paragraph 109 purports to characterize and quote Verrica's May 28, 2021 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 110:**

Defendants deny the allegations Paragraph 110, except state Paragraph 110 purports to characterize and quote characterize statements reflected in a transcript or other recording of a June 2, 2021 conference, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 111:**

Paragraph 111 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 111.

**RESPONSE TO PARAGRAPH NO. 112:**

Defendants deny the allegations in Paragraph 112, except state that Paragraph 112 purports to characterize and quote Verrica's 2021 Form 10-K, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 113:**

Paragraph 113 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 113.

**RESPONSE TO PARAGRAPH NO. 114:**

Defendants deny the allegations in Paragraph 114, except state that Paragraph 114 purports to characterize and quote statements reflected in a transcript or other recording of a March 9, 2022 conference, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 115:**

Defendants deny the allegations in Paragraph 115, except state Paragraph 115 purports to characterize and quote characterize statements reflected in a transcript or other recording of an April 14, 2022 conference, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 116:**

Defendants deny the allegations in Paragraph 116, except state Paragraph 116 purports to characterize and quote characterize statements reflected in a transcript or other recording of an April 14, 2022 conference, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 117:**

Paragraph 117 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 117.

**RESPONSE TO PARAGRAPH NO. 118:**

Defendants deny the allegations in Paragraph 118, except state that Paragraph 118 purports to characterize and quote from Verrica's May 9, 2022 Form 10-Q, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 119:**

Paragraph 119 states a legal conclusion, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 119.

**RESPONSE TO PARAGRAPH NO. 120:**

Defendants deny the allegations in Paragraph 120, which characterizes Plaintiff's current and former claims and states a legal conclusion, to which no response is required.

**RESPONSE TO PARAGRAPH NO. 121:**

Paragraph 121 states legal conclusions, to which no response is required. Paragraph 121 also purports to characterize Plaintiff's claims, to which no response is required. To the extent a response to Paragraph 121 is required, Defendants deny the allegations in Paragraph 121.

**RESPONSE TO PARAGRAPH NO. 122:**

Paragraph 122 states legal conclusions, to which no response is required. Paragraph 122 also purports to characterize Plaintiff's claims, to which no response is required. To the extent a response to Paragraph 122 is required, Defendants deny the allegations in Paragraph 122.

**RESPONSE TO PARAGRAPH NO. 123:**

Defendants deny the allegations in Paragraph 123, except state that Paragraph 123 purports to characterize and quote from Verrica's September 20, 2021 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 124:**

Defendants deny the allegations in Paragraph 124, except state that Paragraph 124 purports to characterize and quote from Verrica's September 20, 2021 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 125:**

Defendants deny the allegations in Paragraph 125, except state that information regarding the price and volume of trading in Verrica's common stock is a matter of public record and speaks for itself.

**RESPONSE TO PARAGRAPH NO. 126:**

Defendants deny the allegations in Paragraph 126, except state that Paragraph 126 purports to characterize and quote from Verrica's May 24, 2022 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 127:**

Defendants deny the allegations in Paragraph 127, except state that Paragraph 127 purports to characterize and quote from Verrica's May 24, 2022 press release, to which Defendants respectfully refer the Court for its contents.

**RESPONSE TO PARAGRAPH NO. 128:**

Defendants deny the allegations in Paragraph 128, except state that information regarding the price and volume of trading in Verrica's common stock is a matter of public record and speaks for itself.

**RESPONSE TO PARAGRAPH NO. 129:**

Paragraph 129 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 129 is required, Defendants deny the allegations in Paragraph 129.

**RESPONSE TO PARAGRAPH NO. 130:**

Paragraph 130 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 130 is required, Defendants deny the allegations in Paragraph 130.

**RESPONSE TO PARAGRAPH NO. 131:**

Paragraph 131 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 131 is required, Defendants deny the allegations in Paragraph 131.

**RESPONSE TO PARAGRAPH NO. 132:**

Paragraph 132 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 132 is required, Defendants deny the allegations in Paragraph 132.

**RESPONSE TO PARAGRAPH NO. 133:**

Paragraph 133 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 133 is required, Defendants deny the allegations in Paragraph 133.

**RESPONSE TO PARAGRAPH NO. 134:**

Paragraph 134 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 134 is required, Defendants deny the allegations in Paragraph 134.

**RESPONSE TO PARAGRAPH NO. 135:**

Paragraph 135 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 135 is required, Defendants deny the allegations in Paragraph 135.

**RESPONSE TO PARAGRAPH NO. 136:**

Paragraph 136 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 136 is required, Defendants deny the allegations in Paragraph 136.

**RESPONSE TO PARAGRAPH NO. 137:**

Paragraph 137 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 137 is required, Defendants deny the allegations in Paragraph 137.

**RESPONSE TO PARAGRAPH NO. 138:**

Paragraph 138 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 138 is required, Defendants deny the allegations in Paragraph 138.

**RESPONSE TO PARAGRAPH NO. 139:**

Paragraph 139 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 139 is required, Defendants deny the allegations in Paragraph 139.

**RESPONSE TO PARAGRAPH NO. 140:**

Paragraph 140 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 140 is required, Defendants deny the allegations in Paragraph 140, except state that information regarding the price and volume of trading in Verrica's common stock is a matter of public record and speaks for itself.

**RESPONSE TO PARAGRAPH NO. 141:**

Paragraph 141 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 141 is required, Defendants deny the allegations in Paragraph 141.

**RESPONSE TO PARAGRAPH NO. 142:**

Paragraph 142 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 142 is required, Defendants deny the allegations in Paragraph 142.

**RESPONSE TO PARAGRAPH NO. 143:**

Paragraph 143 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 143 is required, Defendants deny the allegations in Paragraph 143.

**RESPONSE TO PARAGRAPH NO. 144:**

Paragraph 144 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 144 is required, Defendants deny the allegations in Paragraph 144.

**RESPONSE TO PARAGRAPH NO. 145:**

Paragraph 145 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 145 is required, Defendants deny the allegations in Paragraph 145.

**RESPONSE TO PARAGRAPH NO. 146:**

Defendants incorporate each of the foregoing responses as if fully set forth herein.

**RESPONSE TO PARAGRAPH NO. 147:**

Paragraph 147 states legal conclusions, to which no response is required. To the extent a response to Paragraph 147 is required, Defendants deny the allegations in Paragraph 147.

**RESPONSE TO PARAGRAPH NO. 148:**

Paragraph 148 states legal conclusions, to which no response is required. To the extent a response to Paragraph 148 is required, Defendants deny the allegations in Paragraph 148.

**RESPONSE TO PARAGRAPH NO. 149:**

Paragraph 149 states legal conclusions, to which no response is required. To the extent a response to Paragraph 149 is required, Defendants deny the allegations in Paragraph 149.

**RESPONSE TO PARAGRAPH NO. 150:**

Paragraph 150 states legal conclusions, to which no response is required. To the extent a response to Paragraph 150 is required, Defendants deny the allegations in Paragraph 150.

**RESPONSE TO PARAGRAPH NO. 151:**

Paragraph 151 states legal conclusions, to which no response is required. Paragraph 151 also makes allegations with respect to dismissed defendant P. Terence Kohler Jr., to which no response is required. To the extent a response to Paragraph 151 is required, Defendants deny the allegations in Paragraph 151.

**RESPONSE TO PARAGRAPH NO. 152:**

Paragraph 152 states legal conclusions, to which no response is required. To the extent a response to Paragraph 152 is required, Defendants deny the allegations in Paragraph 152.

**RESPONSE TO PARAGRAPH NO. 153:**

Paragraph 153 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 153 is required, Defendants deny the allegations in Paragraph 153.

**RESPONSE TO PARAGRAPH NO. 154:**

Paragraph 154 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 154 is required, Defendants deny the allegations in Paragraph 154..

**RESPONSE TO PARAGRAPH NO. 155:**

Paragraph 155 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 155 is required, Defendants deny the allegations in Paragraph 155.

**RESPONSE TO PARAGRAPH NO. 156:**

Paragraph 156 states legal conclusions, to which no response is required.  To the extent a response to Paragraph 156 is required, Defendants deny the allegations in Paragraph 156.

**RESPONSE TO PARAGRAPH NO. 157:**

Defendants incorporate each of the foregoing responses as if fully set forth herein.

**RESPONSE TO PARAGRAPH NO. 158:**

Paragraph 158 states legal conclusions, to which no response is required.  Paragraph 158 also makes allegations with respect to dismissed defendant P. Terence Kohler Jr., to which no response is required.  To the extent a response to Paragraph 158 is required, Defendants deny the allegations in Paragraph 158.

**RESPONSE TO PARAGRAPH NO. 159:**

Paragraph 159 states legal conclusions, to which no response is required.  Paragraph 159 also makes allegations with respect to dismissed defendant P. Terence Kohler Jr., to which no

response is required.  To the extent a response to Paragraph 159 is required, Defendants deny the allegations in Paragraph 159.

**RESPONSE TO PARAGRAPH NO. 160:**

Paragraph 160 states legal conclusions, to which no response is required.  Paragraph 160 also makes allegations with respect to dismissed defendant P. Terence Kohler Jr., to which no response is required.  To the extent a response to Paragraph 160 is required, Defendants deny the allegations in Paragraph 160.

## RESPONSE TO PRAYER FOR RELIEF

Answering Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to any relief or judgment in connection with the allegations or claims in the Second Amended Complaint.

## RESPONSE TO JURY TRIAL DEMAND

Defendants state that Plaintiff's demand for a trial by jury is a legal conclusion to which no response is required.

## DEFENSES

Defendants assert the following defenses without assuming the burden of proof, persuasion, or production where such burden does not otherwise rest on Defendants.

## FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief may be granted and fails to comply with the pleading requirements of Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(b)(1) & (2).

## SECOND DEFENSE

None of Defendants' statements were materially false or misleading.

## THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent they seek to impose upon Defendants disclosure obligations that are inconsistent with, or in excess of, those imposed by the federal securities laws.

## FOURTH DEFENSE

Defendants did not intentionally or recklessly mislead, make any misrepresentation, or fail to disclose any fact or circumstance that they were obligated to disclose.

## FIFTH DEFENSE

Defendants acted in good faith and without knowledge that any alleged statement or omission was materially false or misleading.

## SIXTH DEFENSE

None of the alleged statements, nor Defendants, proximately caused any member of the putative class economic harm, damage, or loss.

**SEVENTH DEFENSE**

This action is not properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and the putative class knew or should have known the allegedly omitted or misstated information, which was publicly available.

**RESERVATION OF DEFENSES**

Future discovery may reveal additional facts that support additional defenses presently available, but unknown, to Defendants. Defendants thereby reserve the right to assert additional defenses, cross-claims, and third-party claims, not asserted herein, of which they may become aware through discovery or other investigation as may be appropriate.

**CONCLUSION**

WHEREFORE, Defendants respectfully request entry of judgment granting the following relief:

(a)    dismissing the Second Amended Complaint with prejudice and granting judgment in favor of Defendants on all claims;

(b)    awarding Defendants the costs of defending this action, including attorneys' fees, expert fees, costs and disbursements; and

(c)    granting such further relief as this Court may deem just and proper.

Dated: October 3, 2024

**COOLEY LLP**

By: */s/ Aric H. Wu*
Aric H. Wu
Sarah M. Lightdale
55 Hudson Yards
New York, NY 10001-2157
Telephone: (212) 479-6000
Facsimile: (212) 479-6275
ahwu@cooley.com
slightdale@cooley.com

Luke T. Cadigan
Zachary Sisko
500 Boylston Street
Boston, MA 02116-3736
Telephone: (617) 937-2300
Facsimile: (617) 937-2400
lcadigan@cooley.com
zsisko@cooley.com

**MORGAN, LEWIS & BOCKIUS LLP**
Michael L. Kichline
Emily S. Kimmelman
1701 Market St.
Philadelphia, PA 19103
Telephone: (215) 963-5000
Facsimile: (215) 963-5001
michael.kichline@morganlewis.com
emily.kimmelman@morganlewis.com

*Attorneys for Remaining Defendants Verrica*
*Pharmaceuticals Inc. and Ted White*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that on October 3, 2024, the foregoing Answer was filed through the ECF system, and will be sent electronically to the registered participants on the Notice of Electronic filing and paper copies will be sent to any non-registered participants.

*/s/ Aric H. Wu*
Aric H. Wu