**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KRANTHI GORLAMARI, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>VERRICA PHARMACEUTICALS, INC., TED WHITE, and P. TERENCE KOHLER JR.,<br><br>Defendants. | CASE No. 2:22-cv-02226-MSG |

## <u>STIPULATED PROTECTIVE ORDER REGARDING THE PRODUCTION OF DOCUMENTS</u>

**WHEREAS,** during the course of the above-captioned litigation (the "Action"), the Plaintiff and the Defendants in this Action (collectively, the "Parties"), as well as certain non-parties, may be subject to discovery requests and/or proceedings that seek the disclosure of information that the party or non-party to whom the request is directed considers to be confidential and/or proprietary;

**WHEREAS,** the Parties, by and through their respective counsel, have stipulated, pursuant to Federal Rule of Civil Procedure 26(c), to the entry of the following protective order ("Protective Order" or "Order") to govern the use, production, storage, handling, and disclosure of documents, information, things, and testimony in this Action;

**WHEREAS,** the Parties have further jointly moved this Court to order the adoption of this Protective Order and have explained why the disclosure of trade secrets and other confidential information could cause injury; and

**WHEREAS,** the Court, having reviewed the terms of the Protective Order, finds good cause for the entry thereof to prevent unauthorized disclosure and use of the Parties' trade secrets and other confidential information during and after the course of this litigation. *See Pansy v. Borough of Stroudsberg*, 23 F.3d 772, 776 (3d Cir. 1994); *In re Avandia Marketing, Sales Practices & Products Liability Litigation*, 924 F.3d 662 (3d Cir. 2019).

**NOW,** therefore, the Court hereby **ORDERS** as follows:

1.      **Good Cause Statement.** This Action is likely to involve valuable financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted ("Protected Information"). Such Protected Information consists of, among other things, personal identity information, personnel or employment records, non-public business or financial information, information regarding confidential business practices, or other confidential commercial information (including information implicating privacy rights of third parties), or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, a protective order for such information is justified in this matter to: (1) expedite the flow of information, (2) facilitate the prompt resolution of disputes over confidentiality of discovery materials, (3) adequately protect information the Parties are entitled to keep confidential, (4) ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, (5) address their handling at the end of the litigation, and (6) serve the ends of justice. It is the intent of the Parties that information will not be designated as Protected Information for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause as to why it should not be part of the public record of this case.

2.      **Scope.** All materials produced or adduced in the course of discovery in this Action, including documents, initial disclosures, written discovery requests, interrogatory responses, responses to requests for admission, responses to requests for documents, deposition testimony and exhibits, and any other information or material given or exchanged as well as information derived directly therefrom, including any summary, compilation, notes, electronic images, or database (hereinafter collectively "documents"), shall be subject to this Protective Order as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. Nonetheless, each of the Parties hereto shall be entitled to seek modification of this Order by application to the Court on notice to the other Parties hereto for good cause.

3.      **Confidential Information.** As used in this Order, "Confidential Information" means information designated as "Confidential" by the producing party. Any producing party may designate any material as "Confidential" under the terms of this Order if such party in good faith believes that such material contains confidential non-public research and analysis; development or commercial information; internal business communications; financial information not otherwise disclosed to the public; non-public personal information, which is not known by the producing party to have been released into the public domain; and other information for which a good faith claim of needing protection can be made under the Federal Rules of Civil Procedure and/or applicable law.

4.      **Highly Confidential Information.** As used in this Order, "Highly Confidential Information" means information designated as "Highly Confidential" by the producing party. Any producing party may designate any material as "Highly Confidential" under the terms of this Order if such party in good faith believes that such material contains trade secrets, including highly

sensitive and non-public research and analysis, customer information, current (not more than five (5) years old) financial, marketing, and strategic business planning information (including past information indicative of current practices), current or any future pricing information, information relating to research, development, testing of, and plans for, a party's existing and proposed future products, information relating to the processes, apparatus, or analytical techniques used by a party in its present or proposed commercial production of such products, information relating to pending or abandoned patent applications which have not been made available to the public, communications regarding any of the Highly Confidential Information, and any other information that a party believes in good faith could be used to harm its business or whose disclosure would breach nondisclosure provisions imposed by a third party.

5. **Designation.**

a. Each party or non-party may designate a document as Protected Information under this Order by placing or affixing the words "Confidential" or "Highly Confidential" on all pages in a manner that will not interfere with the legibility of the document. For documents produced in native format, the producing party must endeavor to include to the extent technologically feasible the words "Confidential" or "Highly Confidential" in either the native file name or on the Bates-numbered slip sheet produced with the native file containing the Protected Information (e.g., CD-ROM, DVD). To avoid undue burden and expense, the designating party may choose to designate as Protected Information an entire document or family of documents, deposition, transcript, or other material when a portion contains Protected Information. For information produced in some form other than documentary and for any other tangible items, the Producing Party may designate the item as containing Protected Information by affixing the

4

applicable designation in a prominent place on the exterior of the container or containers in which the information is stored.

b.    All information derived from Protected Information, including but not limited to extracts, summaries, and descriptions of such material shall be treated as Confidential or Highly Confidential in accordance with the provisions of this Order.

6.    **Depositions.** All depositions and other pretrial testimony shall be treated as Highly Confidential Information until the designation of such testimony pursuant to section (i) and (ii) of this paragraph. Depositions and other pre-trial testimony may be designated as Protected Information (i) by a statement on the record, by counsel, before the conclusion of the deposition or testimony or (ii) by written Notice of Designation served to all Parties of record no later than thirty (30) days after the transcript is delivered to the designating party. Counsel for the party being deposed shall, within thirty (30) days after receiving the deposition transcript, designate those portions of the transcript which contain testimony containing Protected Information, which shall be protected by the terms of this Order. The Parties may modify this procedure for any particular deposition or other pre-trial testimony through agreement on the record at such deposition or testimony, without further order of the Court.

The court reporter must affix on each page containing Protected Information the appropriate designation as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

To the extent that testimony is sought concerning Protected Information during any deposition or in any other pre-trial venue, any party may exclude any person from the deposition or other venue during such testimony if the Protected Information may not be disclosed to such person under the terms of this Order.

5

7.    **Protection of Confidential and Highly Confidential Information.**

a.    General Protections. Protected Information and information derived therefrom shall be used solely for purposes of this litigation, including any appeal thereof, and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding.

b.    Limited Third-Party Disclosures. The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Protected Information to any third person or entity except as set forth in this Order. Every person to whom Protected Information is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order.

i.    Subject to these requirements, the following categories of persons may be allowed to review Confidential Information only to the extent reasonably necessary:

(1)    Counsel. Counsel for the Parties and employees (and/or independent contractors) of counsel who have responsibility for this Action;

(2)    Parties. Individual Parties and employees of a party who have signed Attachment A, Acknowledgment of Understanding and Agreement to Be Bound, but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed. Confidential Information may be disclosed only to the named plaintiffs or proposed class representatives and not to any other member of the putative class unless and until a class including the putative member has been certified;

(3)    The Court and its personnel;

6

(4)    A court of competent jurisdiction in a proceeding by a party made in connection with this Action (*e.g.*, a subpoena or similar discovery request made to obtain discovery material for use in this Action), provided that the disclosing party submits same under seal;

(5)    Court Reporters and Recorders. Court reporters and recorders engaged for depositions who have signed Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(6)    Contractors and Professional Vendors. Those persons specifically engaged by counsel for a Party for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(7)    Consultants and Experts. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation, litigation, and trial of this Action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(8)    Witnesses at depositions. During their depositions, witnesses, and attorneys for witnesses in this Action to whom disclosure is reasonably necessary and who have signed Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be

separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(9)    Author or recipient. Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual recipient of the document, or, in the case of meeting minutes and presentations, an attendee of the meeting, or other person who otherwise possessed or knew the information and who has signed Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(10)    Others by consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered and who have signed Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(11)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions who have signed Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(12)    Professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action and who have signed Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

ii.    Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential Information only to the extent reasonably necessary:

(1)    Counsel. Counsel for the Parties and employees (and/or independent contractors) of counsel who have responsibility for the Action;

(2)      The Court and its personnel;

(3)      A court of competent jurisdiction in a proceeding by a party made in connection with this Action (*e.g.*, a subpoena or similar discovery request made to obtain discovery material for use in this Action), provided that the disclosing party submits same under seal;

(4)      Court Reporters and Recorders. Court reporters and recorders engaged for depositions who have signed Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(5)      Contractors and Professional Vendors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6)      Consultants and Experts. Consultants, investigators, or experts employed by the Parties or counsel for the Parties to assist in the preparation, litigation, and trial of this Action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)      Witnesses at depositions. During their depositions, witnesses, and attorneys for witnesses in this Action to whom disclosure is reasonably necessary and who have signed Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Witnesses shall not retain a copy of documents containing Highly Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Highly Confidential Information pursuant to the process set out

9

in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(8)    Author or recipient. Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual recipient of the document, or, in the case of meeting minutes and presentations, an attendee of the meeting, or other person who otherwise possessed or knew the information and who have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(9)    Others by consent.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered and who have signed Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(10)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions who have signed Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(11)    Professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this Action and who have signed Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c.    This Order has no effect upon, and shall not apply to, a producing party's use or disclosure of its own Protected Information for any purpose. Nothing in this Order shall prevent a producing party from disclosing its own Protected Information.

d.    Control of Documents. Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Protected Information produced by

10

another party.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.  If Protected Information is disclosed to any person other than in accordance with this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the designating Party.  The party responsible for the disclosure must also make every effort to retrieve the improperly disclosed information and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such Protected Information.  All such efforts shall be without prejudice to the rights and remedies of the designating party.

8. **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Protected Information does not waive the right to so designate the document.  A producing party may designate as Confidential or Highly Confidential any discovery material that has already been produced, including discovery material that the producing party inadvertently failed to designate, by notifying in writing the party to whom the production has been made that the material constitutes Protected information.  If a party designates a document as Protected Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.  The receiving party shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Protected Information.

9. **Filing of Protected Information.**  All Protected Information shall be filed with the Court only to the extent necessary to establish a claim or defense or support a motion or opposition.  This Order does not, by itself, authorize the filing of any document under seal.  Any party wishing to file a document designated as Confidential or Highly Confidential Information in connection

with a motion, brief or other submission to the Court must comply with the procedures set forth in Local Rule 5.1.5, and any other applicable law, rule, policy, or procedure, before filing such document. The producing party or Non-party shall be obligated to ensure that the preconditions for such leave are satisfied. Where possible, only the confidential portions of such documents being filed with the Court shall be filed under seal.

10.    **Challenges by a Party to Designation as Protected Information.** The designation of any material or document as Confidential or Highly Information is subject to challenge by any party. Unless and until the challenge is resolved by the Parties or ruled upon by the Court, the material or document will be considered and treated as designated by the producing party. The following procedure shall apply to any such challenge.

a.    Meet and Confer. A party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within fifteen (15) business days, which deadline shall be extended if reasonable to do so based on the volume of documents being challenged.

b.    Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of production and persuasion in any such challenge proceeding shall

be on the designating party. Until the Court rules on the challenge, all Parties shall continue to treat the materials as designated under the terms of this Order.

11.     **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Protected Information shall be made consistent with the Court's Individual Rules. Any motion for protective order and/or filing under seal must set forth why confidentiality is necessary as to each category of materials or documents sought to be designated as Protected Information. Nothing in this Order or any Action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

12.     **Use of Protected Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present Protected Information at a hearing or trial shall bring that issue to the Court's and Parties' attention by motion or in a pretrial memorandum without disclosing the Protected Information publicly so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion in limine. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

13.     **Protected Information Subpoenaed or Ordered Produced in Other Litigation.**

        a.     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this Action as Protected Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five (5) business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

b.      The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other Action that caused the subpoena to issue.

c.      The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Protected Information in the court from which the subpoena or order issued.

d.      The designating party shall bear the burden and the expense of seeking protection in that court of its Protected Information. Nothing in these provisions should be construed as authorizing or encouraging a receiving party in this Action to disobey a lawful directive from another court. Compliance by a receiving party with a court order directing production will not constitute a violation of this Order.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Protected Information by the other party to this case.

14.     **Non-Waiver.** Pursuant to Rule 502(d) of the Federal Rules of Evidence, nothing in this Order shall require disclosure of information subject to a claim of attorney-client privilege, work-product protection, or other privilege or immunity ("Privileged Information"), and the production of Privileged Information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) and shall supersede the non-waiver elements listed in Federal Rule of Evidence 502(b).

14

a.      This Order will not serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of Privileged Information before production.

b.      Fed. R. Civ. P. 26(b)(5)(B) governs the proper procedure for the notification and return of Privileged Information when identified by the Producing Party.

c.      The return of any discovery material to the producing party shall not in any way preclude the receiving party from moving the Court for a ruling that the disclosed information is not privileged, however, the receiving party cannot assert as a basis for the relief it seeks the fact or circumstance that the producing party produced such documents in this Action, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the produced information (or any portion thereof) that is the subject of such motion. Documents subject to a claim of Privileged Information shall remain protected against access, disclosure, and use during the pendency of any dispute over their status. The producing party must preserve the information until the claim is resolved.

d.      If any information, document, or thing has been offered at a deposition, or as a sealed exhibit to, or redacted part of, a dispositive motion or opposition to a dispositive motion and the producing party claims that such information, document, or thing filed under seal or in redacted form is Privileged Information, all Parties shall comply with Fed. R. Civ. P. 26(b)(5)(B), except that the producing party, within ten (10) business days of the deposition or filing and service of the dispositive motion or opposition to dispositive motion, shall identify the Privileged Information and simultaneously produce to all Parties a privilege log identifying the basis for the claim of privilege or work-product immunity. Promptly after the production of such a log, if the receiving party challenges the claim of privilege, the producing and receiving Parties must conduct

15

a meet and confer to try to resolve the issue. If, after the Parties meet and confer, they cannot reach agreement, the producing party shall, within ten (10) business days of the meet and confer, present the dispute to the Court, by means of a motion for protective order pursuant to Rule 26(c) or otherwise. Any portion of the deposition transcript discussing or reflecting the Privileged Information shall be sequestered until the claim of privilege or immunity is resolved. Nothing in this Protective Order shall alter or infringe the right of counsel to instruct a deposition witness not to answer a question on the basis of privilege. Nothing in this Protective Order shall prevent the producing party from seeking immediate relief from the Court, including a protective order under Rule 26(c), where necessary to preserve the claimed privilege or work-product protection and prevent or limit further disclosure of the information, document, or thing pending resolution of the claim. The court will not rule that any privilege has been waived solely by the use, as described in this paragraph, of a document containing Privileged Information when the producing party acts within the timelines described herein.

15.    **Obligations on Conclusion of Litigation.**

a.    Order Continues in Force. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b.    Obligations at Conclusion of Litigation. Within sixty (60) days after dismissal or entry of final judgment not subject to further appeal, all Protected Information, including copies and all information derived from Protected Information as defined in ¶5(b), shall be destroyed or returned to the producing party unless the document has been offered into evidence or filed without restriction as to disclosure. The Court is not obligated to return or destroy any exhibits or documents that have been made part of the record.

c.    Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel for the Parties may retain (1) attorney work product, including an index that refers or relates to designated Protected Information, and (2) one complete set of all documents filed with the Court including those filed under seal, provided that such counsel maintain the confidentiality thereof. Counsel for Parties need not search their email and backup systems to comply with this Order. Any retained Confidential Information shall continue to be protected under this Order.

16.    **Order Subject to Modification.** Any party may, at any time upon notice to all Parties, move this Court for a modification of, or relief from, the terms of this Protective Order. The Court retains the right to allow disclosure of any subject covered by this Protective Order or to modify this Protective Order at any time in the interest of justice.

17.    **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

18.    Persons Bound. This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms.

SO STIPULATED AND AGREED.

DATED: April 14, 2025                              Respectfully submitted,


 /s/ *Lee Albert*                                 /s/ *Aric H. Wu*
_____                               _____

**GLANCY PRONGAY & MURRAY LLP**                   **COOLEY LLP**
Lee Albert (PA ID# 046852)                        Aric H. Wu
230 Park Avenue, Suite 348                         55 Hudson Yards
New York, NY 10169                                New York, NY 10001-2157
Tel: (212) 682-5340                               Telephone: (212) 479-6000
Fax: (212) 884-0988                               Facsimile: (212) 479-6275
lalbert@glancylaw.com                             ahwu@cooley.com

Leanne H. Solish (admitted *pro hac vice*)        Georgina Inglis
1925 Century Park East, Suite 2100                1299 Pennsylvania Avenue NW
Los Angeles, California 90067                      Washington, DC 20221
Tel: (310) 201-9150                               Telephone: (202) 842-7800
Fax: (310) 201-9160                               Facsimile: (202) 842-7899
lsolish@glancylaw.com                             ginglis@cooley.com

*Counsel for Lead Plaintiff and Lead Counsel*     Zachary Sisko
*for the Class*                                   500 Boylston Street
                                                  Boston, MA 02116-3736
**THE LAW OFFICES OF FRANK R.**                   Telephone: (617) 937-2300
**CRUZ**                                          Facsimile: (617) 937-2400
Frank R. Cruz                                     zsisko@cooley.com
2121 Avenue of the Stars, Suite 800
Los Angeles, California 90067                      **MORGAN, LEWIS & BOCKIUS LLP**
Tel: (310) 914-5007                               Michael L. Kichline
fcruz@frankcruzlaw.com                            1701 Market St.
                                                  Philadelphia, PA 19103
*Additional Counsel*                              Telephone: (215) 963-5366
                                                  Facsimile: (215) 963-5001
                                                  michael.kichline@morganlewis.com

                                                  *Counsel for Defendants*


**SO ORDERED.**


Dated: April 17, 2025                 **BY THE COURT:**
                                      */s/ Mitchell S. Goldberg*
                                      _____
                                      **MITCHELL S. GOLDBERG, J.**

18