# Exhibit K

```
---------------------------------------------------
  REALTIME AND INTERACTIVE REALTIME TRANSCRIPT
              ROUGH DRAFT DISCLAIMER
---------------------------------------------------
              IMPORTANT NOTICE:
             AGREEMENT OF PARTIES
---------------------------------------------------
```

We, the party working with realtime and rough draft transcripts, understand that if we choose to use the realtime rough draft screen or the printout, that we are doing so with the understanding that the rough draft is a non-certified copy.

We further agree not to share, give, copy, scan, fax or in any way distribute this realtime rough draft in any form (written or computerized) to any party.  However, our own experts, cocounsel and staff may have limited internal use of same with the understanding that we agree to destroy our realtime rough draft and/or any computerized form, if any, and replace it with the final transcript upon its completion:  Case:   Kranthi Gorlamari v. Verrica Pharmaceuticals Inc., et al.
                Date:   FRIDAY, JULY 25, 2025

REPORTER'S NOTE:
Since this deposition has been realtimed and is in rough draft form, please be aware that there may be a discrepancy regarding page and line number when comparing the realtime screen, the rough draft, rough draft disk, and the final transcript.

Also please be aware that the realtime screen and noncertified rough draft transcript may contain untranslated steno, reporter's notes in double parentheses, misspelled proper names, incorrect or missing Q/A symbols or punctuation, and/or nonsensical English word combinations.  All such entries will be correct on the final, certified transcript.


        Court Reporter's Name:   LISA M. MURACO
        Firm Name:    EVEREST

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA


KRANTHI GORLAMARI,                    )
INDIVIDUALLY AND ON BEHALF    )
OF ALL OTHERS SIMILARLY        )
SITUATED,                              )
                                       )
                Plaintiffs,    )No. 22-CV-
                               )02226-MSG
                vs.            )
                               )
VERRICA PHARMACEUTICALS        )
INC., TED WHITE, AND P.        )
TERENCE KOHLER JR.,            )
                               )
                Defendants.    )
------------------------------)


REMOTE VIDEOTAPED DEPOSITION OF ZAHN BOZANIC


Friday, July 25, 2025


Reported by:

LISA M. MURACO, RPR, CCR-NJ

JOB NO. 43358

Friday, July 25, 2025

10:00  a.m.


REMOTE Deposition of ZAHN BOZANIC, held VIA ZOOM, before LISA M. MURACO, a Register Professional Reporter, CCR-NJ, a Notary Public of the State of New York, Florida, and Massachusetts.

A P P E A R A N C E S:

(REMOTE)


    GLANCY PRONGAY & MURRAY LLP

    Attorneys for Plaintiffs

        1925 Century Park East

        Suite 2100

        Los Angeles, California 90067

    BY:   LEANNE HEINE SOLISH, ESQ.

        GREG LINKH, ESQ.

              -and-

    THE LAW OFFICES OF FRANK R. CRUZ

        2121 Avenue of the Stars

        Suite 800

        Los Angeles, California 90067

    BY:   FRANK R. CRUZ, ESQ.

A P P E A R A N C E S:

(REMOTE)


     COOLEY LLP

     Attorneys for Defendants

          500 Boylston Street

          Boston, Massachusetts 02116

     BY:   ZACHARY SISKO, ESQ.

           ANGELA JACOB, ESQ.



ALSO PRESENT:

Legal Video Specialist, Alexandra Hay

Case 2:22-cv-02226-KNS   Document 71-12   FILED 07/31/25   Page 7 of 12

Deposition of Zahn Bozanic - Rough Draft                    Kranthi Gorlamari v. Verrica Pharmaceuticals Inc., et al.

IT IS HEREBY STIPULATED AND AGREED

by and between the attorneys for the respective parties herein, that filing and sealing be and the same are hereby waived.

IT IS FURTHER STIPULATED AND AGREED that all objections, except as to the form of the question, shall be reserved to the time of the trial.

IT IS FURTHER STIPULATED AND AGREED that the within deposition may be sworn to and signed before any officer authorized to administer an oath, with the same force and effect as if signed and sworn to before the Court.

- oOo -

analysis purposes, I reviewed many Verrica press releases and I have reviewed some of the statements there in especially those that the complaint highlights.

And so again, just in getting familiar with the case I reviewed the complaint and trying to understand the allegations made in the complaint.

But then as I start to dive into the firm and understand the firm I will start to look at the firm's disclosures.  The press releases and so forth to understand how this firm is operating at this point in time.  So when I would have read a press release, it would have been pertinent to see if this is a press release that also plaintiff are claiming at issue I want to look at the language to be familiar with the language.

Q.    Let me ask the question more specifically.

Did you come to an opinion in your expert report, as to whether the September 20, 2021, Verrica press release disclosed concealed risks to the market?

MS. SOLISH:  Objection.  Outside the

scope of the report.

A.    So I feel I've answered this one again.  So I do apologize if I'm repeating myself.  I try not to I mean, this is the purview of me retained as an expert with regards to market efficiency I don't make is common practice to assess the voracity to the allegations in the complaint.

However, do I familiarize myself both with the allegations with the disclosures that are related to those allegations as a matter of practice in terms of understanding this firm.

Q.    Would it impact your opinion one way or the other if a fact finder ultimately determined that this September 20th press release did not reveal concealed risks to the market?

MS. SOLISH:  Objection.  Form.

A.    So again, I'll go back to previous answers so in terms of my opinion to today given the information that I have as of the filing this report, I used the information that I had.

Now if were to be the case that this

particular alleged corrected disclosure were to somehow be removed by finder of fact from the case I would have to update my analysis.  And as I said, previously whether it effects my opinions remains to be seen as I would have to first conduct the analysis to see what the impact would be.  In terms of overall market efficiency for directed to common stock.

Q.    Right.

And I'm trying to understand how that squares with your footnote two which says that your opinions on market efficiency in calculation of damages aren't tied to any specific allegations summarized herein?

A.    Right.  I see the potential inconsistent as I.  But what I'm saying here is they don't affect my opinions in so far they don't affect my analysis.

So if the analysis changes as a result of some change in fact pattern so I would have to for example, you know, there are factors we are studying but the one I'm thinking of in particular is relation to the event study where this is obviously a date of importance in the event study.

So you no no, when it comes to that particular event study when the analysis that I do later with respect to news days and no news date there could element instead the model that are affected that I wouldn't know until I run it.

In terms of my overall opinion with respect to market efficiency, I take the allegations on their face. But it's not to say to be, you know, fully transparent that it could down the road if the fact patterns change and I might have to update my analysis.

But as far as, the voracity of the opinions. The source voracity of the opinions that I'm forming today those are independent.

So hopefully I reconcile the inconsistent as I I'm trying to give you an example to to the best of my abilities where there could be abimpact but it wouldn't impact my opinion. It would impact the analysis.

And then the if the analysis it could impact my opinion but with regards to these facts today, while they form the basis for some analysis it doesn't form the basis of my overall opinion with respect to market

efficiency.

Does that help?

Q.    I understand.  I think we will unpack that a little more as we go through?

A.    I'm trying Zach I'm trying for you.

Q.    I appreciate the response.

A.    Okay.

Q.    Turning now to paragraph 16.

A.    Sure.

Q.    Similar paragraph 16 you write that the complaint also alleging that the concealed risks materialized and/or the truth was fully revealed after close of trade on May 24, 2022, when Verrica announced receipt of another CRL which cited on going deficiencies reinspection of Sterling's facility in February of 2022 did I read that correctly?

A.    Yes, I believe so.

Q.    So same question, you are not offering an opinion on whether that May 24, 2022, press release did or did not allegedly reveal concealed risk to the market, correct?

MS. SOLISH:  Objection.  Form.

A.    Yeah, I do appreciate the way that you said that.  I'm not offering an opinion as